

June 3, 2025

**Kaan Ekiner**

Direct Phone   302-295-2046
Direct Fax       302-250-4356
kekiner@cozen.com

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 6100, Unit 14
Wilmington, DE 19801

      Re:    *Pierre Fabre Medicament SAS et al. v. Rubicon Research Private Limited*,
              **C.A. No. 24-811-JLH-SRF**

Dear Judge Fallon:

We write on behalf of Defendant Rubicon Research Private Limited ("Rubicon") in response to Plaintiffs' June 2, 2025 Letter. For the reasons discussed below, we respectfully request that the Court decline to enter an order compelling Rubicon's responses to Interrogatory No. 4 and Requests for Admission ("RFA") Nos. 5, 6, 8, 10, 14-17, 23-27, 30, and 32-34.

As an initial matter, we note that much of Plaintiffs' letter is spent mischaracterizing discovery disputes that are now moot. For example, a significant portion of Plaintiffs' letter focuses on Interrogatory No. 2 (seeking non-infringement contentions) and No. 3 (seeking differences between Rubicon's Proposed Product and Plaintiffs' product). Specifically, Plaintiffs claim that Rubicon was dilatory in responding to these interrogatories. However, as Plaintiffs are well aware, the parties were negotiating a stipulation of infringement which would have resolved any disagreements with Rubicon's response to Interrogatory No. 2. Then, despite taking a position in their prior case against Annora that "no claim term … requires construction" (Exhibit A), on the very same patents at issue here, Plaintiffs did an about face and suddenly proposed constructions for two terms in the present case. At no time during Plaintiffs' negotiations with Rubicon on a stipulation of infringement—or in their Infringement Contentions—did Plaintiffs mention that they would change their claim construction positions. Instead, Plaintiffs chose to negotiate a stipulation of infringement under the false premise that it would maintain their claim construction positions from the Annora case, only to blindside Rubicon with different constructions later. Plaintiffs' tactics are the very definition of a bad faith negotiation. Despite Plaintiffs' deceptive behavior, Rubicon nonetheless agreed to supplement its responses to Interrogatory Nos. 2 and 3 after evaluating Plaintiffs' opening claim construction brief and expert declaration—and that is precisely what Rubicon did. As Plaintiffs readily admit, Rubicon supplemented its responses to those interrogatories on May 23, 2025—9 days before Plaintiffs' letter was due to the Court. Therefore, these discovery responses are not at issue.

The Honorable Sherry R. Fallon
June 3, 2025
Page 2

_____

Turning to the discovery requests still in dispute, first, Plaintiffs seek to compel a response to Interrogatory No. 4, which concerns information on why Rubicon "decided to seek regulatory approval to market and sell [its] Proposed Product" (*see* D.I. 59, Ex. A at 12). But Plaintiffs admit that Rubicon has already provided a response: "Rubicon's response was…that it had the capacity and capability to do so." *See* D.I. 59 at 4; *see also* D.I. 59, Ex. A at 13. Just because Plaintiffs do not like this response does not make it incomplete. Rubicon has truthfully and completely responded to Plaintiffs' Interrogatory No. 4. There is no basis to compel Rubicon to provide further information.

Second, Plaintiffs seek to compel "full responses to…Requests for Admission ("RFA") Nos. 5, 6, 8, 10, 14-17, 23-27, 30, and 32-34." D.I. 59 at 1. Plaintiffs argue that these requests as written stand unanswered because Rubicon's responses simply quote the document cited in the RFA, rather than admitting or denying the text of each request. *Id*. at 2-3. Plaintiffs further argue that Rubicon has essentially claimed that the documents speak for themselves. *Id*. at 2. Plaintiffs' assertions are without merit. By way of example, RFA No. 5 seeks an admission that ███████

█████████████████████████████████████████████████████████ D.I. 59, Ex. B at 10. In response to RFA No. 5, Rubicon stated:



*Id*. As is readily apparent from Rubicon's response, it admitted that the quoted statement ████

████████████████████████████████████████████████████████████

█████████████ appears in the document **cited by Plaintiffs** in RFA No. 5, ███████████

███████. Rubicon then "denied all remaining allegations in Request No. 5 not expressly admitted" because the remaining allegations were not consistent with the language in the document **cited by Plaintiffs**, ████████████████████████.

As a further example, RFA No. 15 seeks an admission ██████████████████

███████████████████████████████████████████████

████████████████████████████████████ D.I. 59, Ex. B at 19. In response to RFA No. 15, Rubicon stated:

The Honorable Sherry R. Fallon
June 3, 2025
Page 3



*Id*. Again, much like its response to RFA No. 5, Rubicon's response to RFA No. 15 admits that the quoted statement ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████ appears in the document **cited by Plaintiffs** in RFA No. 15, ████████████████████. Rubicon then "denied all remaining allegations in Request No. 15 not expressly admitted" because the remaining allegations were not consistent with the language in the document **cited by Plaintiffs**, ███████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████

The fact of the matter is—Plaintiffs chose to draft requests for admission that included citations to specific documents. Yet Plaintiffs' RFAs, "as phrased," did not accurately represent the language in the cited documents. Therefore, Rubicon's responses were not only proper, but were consistent with the very case law cited by Plaintiffs. For example, in *Doe v. Mercy Health Corp.*, CIVIL ACTION NO. 92-6712, 1993 U.S. Dist. LEXIS 13347, at *36 (E.D. Pa. Sep. 13, 1993) the court stated: "it is not grounds for objections that the quoted or referenced statements are misquoted or taken out of context, or that 'the documents speak for themselves.' If plaintiff believes that the reports do not say what defendant asks him to admit they do, or are otherwise 'taken out of context', he may deny the RFA. If, on the other hand, the statements are accurately quoted or referenced, he must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement." Here, in response to RFA Nos. 5 and 15, Rubicon did not state that the document speaks for itself. That is, Rubicon did not engage in word games or seek to evade responding to the RFAs by citing a document. Instead, Rubicon admitted what the documents—cited by Plaintiffs—state with respect to Rubicon's Proposed Product and then denied the remainder of RFA Nos. 5 and 15, consistent with *Doe*. *Id*. at *36 ("If plaintiff believes that the reports do not say what defendant asks him to admit they do, or are otherwise 'taken out of context', he may deny the RFA.").

In short, Rubicon's response to Plaintiffs' RFA Nos. 5 and 15, much like its responses to RFA Nos. 6, 8, 10, 14, 16, 17, 23-27, 30, and 32-34, are proper and consistent with the requirements of Fed. R. Civ. P. 36.

The Honorable Sherry R. Fallon
June 3, 2025
Page 4

_____

\*     \*     \*

For at least these reasons, Rubicon respectfully requests that the Court decline to enter an order compelling Rubicon's responses to Interrogatory No. 4 and RFA Nos. 5, 6, 8, 10, 14-17, 23-27, 30, and 32-34.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Kaan Ekiner*

By:    Kaan Ekiner


Cc:    All Counsel of Record (via email)