

November 3, 2025

**Kaan Ekiner**
Direct Phone   302-295-2046
Direct Fax     302-250-4356
kekiner@cozen.com

**VIA ECF**

Honorable Sherry R. Fallon
U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801-3555

Re:   *Pierre Fabre Medicament SAS, et al. v. Rubicon Research Private Limited*,
      C.A. No. 1:24-cv-00811-JLH-SRF (D. Del.)

Dear Judge Fallon,

      We represent Defendant Rubicon Research Private Limited ("Rubicon") in the above-captioned action. Pursuant to this Court's October 20, 2025 Docket Order (D.I. 104 (re D.I. 103)), we provide the following Moving Submission respectfully requesting that the Court enter the attached Order compelling Plaintiffs Pierre Fabre Medicament SAS, Université de Bordeaux, Centre Hospitalier Universitaire de Bordeaux, and Pierre Fabre Pharmaceuticals, Inc. (collectively, "Plaintiffs") to make available for deposition named inventors of the asserted patents, Dr. Christine Léaute-Labrèze, Dr. Éric Dumas de la Roque, and Dr. Benoît Thambo.

## BACKGROUND

      The patents Plaintiffs assert against Rubicon, U.S. Patent Nos. 8,338,489 ("the '489 patent") and 8,987,262 ("the '262 patent") (together, the "Patents-in-Suit), concern methods for treating a hemangioma comprising the administration of a beta blocker, including propranolol. D.I. 1, Exs. A, B. During the course of fact discovery, the parties disputed the meaning of two claim terms in the Patents-in-Suit, "hemangioma" and the preamble, and engaged in claim construction briefing. D.I. 78 (Joint Claim Construction Brief). A *Markman* hearing was held on July 31, 2025, and on August 15, 2025, the Court issued its *Markman* Order (D.I. 88) adopting Plaintiffs' constructions. As relevant here, the Court construed the preamble as follows: "The preamble is limiting and *requires* that *the claimed medicament is administered **for the purpose of treating the claimed condition***." *Id.* (emphasis added). As a result of the Court's construction of the preamble, Rubicon asserts that the Patents-in-Suit are invalid under 35 U.S.C. § 101 for improper inventorship, and has noticed depositions of the named inventors and served discovery concerning inventorship.

      Specifically, on September 15, 2025, Rubicon served its First Set of Interrogatories ("ROGs") to Plaintiffs (Nos. 1-7), and on September 19, 2025, Rubicon served its First Set of Requests for Admission ("RFAs") to Plaintiffs (Nos. 1-44). These ROGs and RFAs sought

information related to, among other things, the inventorship issue. On September 29, 2025, Rubicon served 30(b)(1) Notices of Deposition for Dr. Christine Léaute-Labrèze (D.I. 93), Dr. Éric Dumas de la Roque (D.I. 94), and Dr. Benoît Thambo (D.I. 95), among others,[1] as well as a 30(b)(6) Notice of Deposition to Plaintiffs.

By letter dated September 30, 2025, Plaintiffs asserted that all deposition notices were "unreasonable," including because the notices were served "31 days before the close of discovery" and because five of the "individuals … live outside of the United States" and requested that Rubicon withdraw the notices. Ex. 1. Belying Plaintiffs' timeliness argument, however, was the fact that Plaintiffs served their own 30(b)(6) Notice of Deposition to Rubicon on September 30, 2025—one day *after* Rubicon. *See* D.I. 98. On October 3, 2025, Rubicon responded explaining that "reasonable" notice had been provided, consistent with Rule 30.1 of the Local Rules of the District of Delaware. Ex. 2 at 1. Rubicon further pointed out that "[e]ach of the noticed individuals was identified in Plaintiffs' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) as 'likely to have discoverable information[,]' [and t]herefore, Rubicon is entitled to take their depositions." *Id*. As Rubicon further explained: "Plaintiffs identified these 'individuals who live outside of the United States' fully aware that the parties' agreed-upon Scheduling Order states 'Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition **at a place designated within this district**.'" *Id*. (citing D.I. 22, ¶ 8(e)(iii) (emphasis added)). On these bases, Rubicon stated that it would not withdraw the deposition notices, but, in an effort to compromise, offered to take the deposition of foreign witnesses via remote means. *Id*.

On October 10, 2025, Plaintiffs responded that "the location requirement of the Scheduling Order is of no moment" for the depositions in dispute because none of Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo "is an officer, director, or managing agent of any of the Plaintiffs." Ex. 3 at 1. Plaintiffs again renewed their request that Rubicon withdraw its Rule 30(b)(1) notices to these individuals. *Id*. By letter date October 14, 2025, Rubicon responded that pursuant to *Aerocrin AB v. Apieron Inc*., 267 F.R.D. 105, 111-112 (D. Del. March 30, 2010), Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo were subject to the location requirement of the Scheduling Order because each of these inventors had executed an assignment agreement during prosecution of the Patents-in-Suit agreeing to "testify in support thereof." Ex. 4.

On October 15, 2025, Plaintiffs responded arguing for the first time that Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo "are all practicing physicians with extremely busy schedules." Ex. 5 at 1. Plaintiffs also disagreed with Rubicon's analysis of the *Aerocrin* case, and asserted that none of "Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo should be disposed" at least because "Plaintiffs have or will soon respond to discovery requests from Rubicon that address the very same issues that Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo would address, *e.g.,* responses to Requests for Admission 1-8 and 13-22, responses to Interrogatories Nos. 1-4…." *Id*. at 1-2.

Plaintiffs served their responses to Rubicon's First Set of ROGs (Ex. 6) and Rubicon's First Set of RFAs (Ex. 7) on October 15 and 17, 2025, respectively. Notably, Plaintiffs refused to

---

[1] Rubicon also served 30(b)(1) Notices of Deposition to Dr. Voisard (D.I. 91), Mr. Delannoy (D.I. 92), and Dr. Taieb (D.I. 96).

respond to RFAs 1-8 and provided incomplete responses to ROGs 1 and 2, despite claiming that such discovery responses would be a substitute for the depositions in dispute. By letter dated October 21, 2025, Rubicon notified Plaintiffs of the deficiencies in their discovery responses, and specifically pointed out that "Plaintiffs' assertion that their responses to RFA Nos. 1-8 and Rog Nos. 1-4 would 'address the very same issues that Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo would address' was at best misleading, if not outright dishonest." Ex. 8 at 1.

Pursuant to Local Rule 7.1.1, the parties met and conferred on October 16, 2025, but despite reasonable efforts, the parties were not able to reach agreement. Accordingly, for the reasons discussed herein, Rubicon respectfully requests that the Court compel Plaintiffs to make Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo available for deposition.

## ARGUMENT

The Court should compel Plaintiffs to make named inventors Dr. Christine Léaute-Labrèze, Dr. Éric Dumas de la Roque, and Dr. Benoît Thambo available for deposition. Testimony from these inventors is a critical to investigating the issue of inventorship. Further, Rubicon has repeatedly requested that Plaintiffs make these individuals available for deposition. *See, e.g.*, D.I. 93-95 and Exs. 2, 4. Rubicon has even offered to take the depositions of these named inventors via remote means to alleviate any alleged hardship or travel burden. *See, e.g.*, Ex. 2. Nonetheless, Plaintiffs have steadfastly maintained that none of these named inventors will be made available for deposition, whether in the United States or remotely. *See, e.g.*, Exs. 1, 3, 5. More specifically, Plaintiffs have stated: "[n]one of Dr. Léaute-Labrèze, Dr. Dumas de la Roque, [and] Dr. Thambo, … is an officer, director, or managing agent of any of the Plaintiffs [and t]hus, the location requirement of the Scheduling Order is of no moment for those five notices of deposition. Had Rubicon wished to pursue the deposition of one or more of Dr. Léaute-Labrèze, Dr. Dumas de la Roque, Dr. Thambo, and Dr. Taieb, all residents of France, Rubicon should have started the Hague Evidence Convention process long ago." Ex. 3 at 1. But courts have required foreign inventors to be made available for deposition in the United States where such individuals have executed an assignment agreement to that effect.

In *Aerocrin AB v. Apieron Inc.*, 267 F.R.D. 105, 111-112 (D. Del. March 30, 2010), two foreign-based inventors were required to be deposed in the United States because both inventors were "parties to an assignment agreement that specifically contemplated the provision of testimony for purposes of enforcing the patent rights that were subject of the assignment agreement; it also specifically references enforcement in the United States." The Court in *Aerocrin* further clarified:

> To the extent there is any doubt as to whether the language of the '913 assignment agreement requires [the foreign-based inventors] to appear in the U.S. for a deposition, the Court concludes that the appropriate exercise of its discretion, considering the totality of circumstances, is to resolve those doubts in favor of requiring the depositions in this country. The Court is not persuaded that this ruling will impose an undue burden…."

*Id*. at 112. Likewise, here, each of the noticed-inventors executed an assignment agreement which is akin to that in *Aerocrin* and specifically contemplates the provision of testimony in the United States for purposes of enforcing the patent rights that were subject of the assignment agreements:

> **Assignor hereby covenants and agrees** to execute all instruments or documents required or requested for the making and prosecution of any application of any type for patent **in the United States** and in all foreign countries including, but not limited to, any provisional, continuation, continuation-in-part, divisional, renewal or substitute thereof, and as to letters patent any reissue, re-examination, or extension thereof, **and for litigation regarding, or for the purpose of protecting title and to the said invention, the United States application for patent, or Letters Patent therefor, and to testify in support thereof, for the benefit of the Assignee** without further or other compensation than that above set forth.

*See* Ex. 9 (PF00171833-PF00171841 at PF00171836 (emphasis added)); *see also* Ex. 10 (PF00171842-PF00171849 at PF00171844). There can be no doubt that here, as in *Aerocrin*, the assignment agreements bind each inventor to testify at a deposition in the United States to enforce the Patents-in-Suit. On this basis, the Court should compel Plaintiffs to make these individuals available to testify.

Plaintiffs have also argued that "Rubicon … already has the deposition and trial testimony from Dr. Jean-Jacques Voisard and Dr. Taieb addressing the contributions of Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo" and "Rubicon can inquire further during the upcoming depositions of Drs. Voisard and Taieb, to which Plaintiffs have already agreed." Ex. 5 at 2. But prior testimony from Drs. Voisard and Taieb in another matter—which has unique issues from those present here—as well as current testimony from Drs. Voisard and Taieb is no substitute for sworn testimony from Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo regarding what they believe to be their individual contributions to the alleged inventions of the Patents-in-Suit. Finally, Plaintiffs have claimed that none of "Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo should be disposed" at least because "Plaintiffs have or will soon respond to discovery requests from Rubicon that address the very same issues that Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo would address, *e.g.,* responses to Requests for Admission 1-8 and 13-22, responses to Interrogatories Nos. 1-4…." *Id*. at 2. But Plaintiffs refused to respond to RFAs 1-8 and provided incomplete responses to ROGs 1 and 2, despite claiming that such discovery responses would be a substitute for the depositions in dispute. In short, Plaintiffs have made every effort to avoid providing these inventors for testimony, and responding to discovery requests concerning inventorship, knowing that it may be harmful to their case. This is improper.

## CONCLUSION

For the foregoing reasons, Rubicon respectfully requests that the Court compel Plaintiffs to make Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo available for deposition.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Kaan Ekiner*

By:   Kaan Ekiner

cc: All Counsel of Record (via ECF)