# PANITCH
**Intellectual Property Law**
# SCHWARZE

Keith A. Jones
TEL: (215) 965-1379
kjones@panitchlaw.com

November 4, 2025

The Honorable Sherry R. Fallon                                        **VIA CM/ECF**
J. Caleb Boggs Federal Building
844 N. King Street, Room 6100
Wilmington, DE 19801-3555

Re:    *Pierre Fabre Medicament SAS, et al. v. Rubicon Research Private Limited*
          C.A. No. 1:24-cv-00811-JLH-SRF (D. Del.)

Dear Judge Fallon:

We write on behalf of Plaintiffs pursuant to the Court's October 20 discovery dispute Order (D.I. 104), and in response to Defendant's opening submission (D.I. 109). Plaintiffs respectfully request that Defendant's Motion to Compel the depositions of Drs. Christine Léauté-Labrèze, Éric Dumas De La Roque, and Jean-Benoît Thambo (together, the "3 Doctors"), each of whom is a busy, practicing physician residing and practicing in France, be denied.

1.      **Rubicon's Delay And Failure To Follow Established Procedures Warrant Denial of Rubicon's Request**

This litigation began on July 12, 2024. *D.I. 1*. Rubicon did not serve deposition notices, including for the 3 Doctors, until September 29, 2025 (*see D.I. 93, 94, 95*), *i.e.*, over fourteen months into the litigation and but 31 days before the close of discovery. *See D.I. 22, p. 4, ¶ 8(a)*. The 3 Doctors each reside in France. The established procedure for a party seeking the deposition of a putative witness living outside of the United States is to follow the Hague Evidence Convention process. Rubicon failed to follow that established procedure, which warrants denial of Rubicon's Motion to Compel.

The 3 Doctors are subject to French law and "[d]epositions of French citizens . . . require prior permission of the French Central Authority for the Hague Evidence Convention and require a commission issued by a court in the United States. The French Central Authority will not approve any deposition taken on notice. The U.S. Embassy or Consulate must have the documentation at least 45 days prior to the proposed deposition date and French translations in order to request permission of the French Central Authority." *See Exhibit A*.

Rubicon failed to follow clear guidance provided by the U.S. Department of State and failed to meet deadlines associated with the Hague Evidence Convention. Because permission for the depositions is required from the French Central Authority, Rubicon's offer to conduct the depositions via video means little. The U.S. Department of State guidance makes clear that "[t]he deposition must be held on Embassy or Consulate premises. If participants wish to hold the deposition elsewhere, they must explain fully why it cannot be held on Embassy or Consulate premises, and the [French] Ministry of Justice will decide whether such a request can be approved." *Id.*. The U.S. Department of State guidance also makes clear that "[t]he deposition must be open to the public. The date and time of the deposition must be communicated to the Ministry of Justice in advance. The witnesses must be summoned by

written notice in French at least 15 days in advance of the deposition date. The written notice, sent by the Consulate or Embassy, must include assurances that appearances are voluntary, that the witnesses may be represented by a lawyer, and that the parties to the case have consented to the deposition." *Id*.

Because Rubicon failed to follow established procedures under the Hague Evidence Convention, Rubicon's Motion to Compel should be denied.

## 2. None of the 3 Doctors Is an Officer, Director, or Managing Agent

The Scheduling Order governing this litigation requires that a "party or representative (officer, director, or managing agent)" of Plaintiffs must appear for deposition in Delaware. *D.I. 22, p. 5, ¶ 8(e)(iii)*. None of the 3 Doctors is a party or an officer, director, or managing agent of any of the Plaintiffs. Thus, the 3 Doctors need not appear for deposition in Delaware.

## 3. Rubicon's 30(b)(6) Deposition Notice to Plaintiffs Will Furnish the Information Sought, Rendering Deposing the 3 Doctors Unnecessary and Rubicon Declined Plaintiffs' Offer to Add Topics to the 30(b)(6) Notice

Rubicon served a Rule 30(b)(6) Notice of Deposition on Plaintiffs on September 29, 2025. *See D.I. 97*. Plaintiffs have already informed Rubicon that Dr. Alain Taieb, one of the co-inventors for the patents-in-suit, and Dr. Jean-Jacques Voissard will serve as Plaintiffs' 30(b)(6) deponents. Included among the listed topics in that Notice are two topics that related to inventorship for the patents-in-suit: Topic 2: "The conception, reduction to practice, inventorship, research, development, applications, and uses of the subject matter claimed in each Asserted Claim of the Patents-in-Suit, including when the Inventors first believed their invention would work, first observed the claimed subject matter experimentally, and/or first recorded or described the claimed subject matter in writing" and Topic 3: "The contributions of each named Inventor to the subject matter claimed in the Patents-in-Suit, including but not limited to, on a limitation-by-limitation basis, the role of each Inventor in: (a) the conception of the subject matter claimed in each of the Patents-in-Suit; (b) the role of each Inventor in the reduction to practice of the subject matter claimed in each of the Patents-in-Suit; (c) the date on which any of the Inventors reduced the claimed subject matter to practice for each of the Patents-in-Suit; and (d) the length of time that each Inventor spent working on the inventions claimed in the Patents-in-Suit." *See Exhibit B, p. 4*. Because Plaintiffs' 30(b)(6) Deposition deponents will be fully prepared to answer, *inter alia*, Topics 2 and 3, Rubicon's plea that the depositions of the 3 Doctors is "critical to investigating the issue of inventorship" is baseless.

Moreover, in an effort to obviate bothering the Court with this dispute, Plaintiffs even offered "to allow Rubicon to add several topics to its already-served 30(b)(6) Notice to further address or specify issues/questions associated with Drs. Léauté-Labrèze, Thambo, and de la Roque" – but Rubicon declined that offer. *See Exhibit C*.

Rubicon may investigate the issue of inventorship with Plaintiffs' fully-prepared 30(b)(6) Deposition deponents, which include one of the co-inventors, and testimony from the

Hon. Sherry R. Fallon
November 4, 2025
Page 3

3 Doctors simply is not needed, which warrants denial of Rubicon's Motion to Compel.

> **4.     The Assignment Documents Executed by the 3 Doctors Are Wholly Different from Those in the *Aerocrine* Case**

Rubicon alleges that the assignment documents executed by the 3 Doctors warrants granting Rubicon's motion to compel.  Plaintiffs disagree.  Rubicon failed to highlight for the Court key distinctions between the assignment language in the *Aerocrine* case and the assignments executed by the 3 Doctors:

| *Aerocrine* Language | Language from the 3 Doctors' Assignments |
|---|---|
| **To testify** in any judicial or administrative proceeding ***and generally to do everything possible* to aid [Aerocrine] to** obtain and **enforce said letters Patent in the United States** when requested to do so by [Aerocrine]. *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 111 (D. Del. March 30, 2010) (emphases added) | **Assignor hereby covenants and agrees to** execute all instruments or documents required or requested for the making and prosecution of any applications of any type for patent in the United States . . . and **as to letters patent . . . , and for litigation regarding,** or for the purpose of protecting title and to the said invention, the United States application for patent, Letters Patent therefor, **and to testify in support thereof, for the benefit of Assignee without further or other compensation than that above set forth**; *D.I. 109-7, p. PF00171836* (emphasis added) <br><br> **Assignor hereby covenants and agrees to** execute all instruments or documents required or requested for the making and prosecution of any applications of any type for patent . . . in the United States . . . and **as to Letters Patent . . . , and for litigation regarding,** or for the purpose of protecting title and to the said invention, the United States application for patent, or Letters Patent therefor, **and to testify in support thereof, for the benefit of Assignee without further or other compensation than that above set forth**; *D.I. 109-8, p. PF00171844* (emphasis added) |

The 3 Doctors, unlike Drs. Persson and Stromberg in the *Aerocrine* case, did not agree "generally to do everything possible," including testifying "in the United States."  Instead, the 3 Doctors simply agreed to execute necessary paperwork and to testify in support of any issued patent for the benefit of Assignee without additional compensation.  The 3 Doctors agreed to assist the Assignee, not Rubicon.  There is no mention of testifying in the United States nor any waiver of their rights under French law.  French law "**requires** compliance with the Hague Convention for any deposition of a French citizen or third country national," even for willing deponents.  *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. DE C.V.*, 292 F.R.D. 19, 24 (D.D.C. 2013) (emphasis added); *see also Abbott Labs. v. Impax Labs.*, No. 03-120-KAJ, 2004 U.S. Dist. LEXIS 13487, at *4 (D. Del. July 15, 2004) ("The parties agree that Dr. Stamm, Dr. Reginault, and Mr. Tendero, as French citizens who are third party witnesses, cannot be compelled to provide evidence in the absence of compliance with the

Hague Evidence Convention.").  The Supreme Court has stated that "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position."  *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 546 (1987).  Here, the 3 Doctors are not even litigants, but mere employees of the litigants.  It is a decision for the French Central Authority for the Hague Evidence Convention to decide whether any of the 3 Doctors will be deposed.

**5.      The Alleged Foundation for Rubicon's Burdensome Fishing Expedition Does Not Exist**

Rubicon's sole argument for needing to depose the 3 Doctors is its new allegation that "the Patents-in-Suit are invalid under 35 U.S.C. § 101 for improper inventorship."  *D.I. 109, p. 1*.  Improper inventorship (to the extent it even falls under § 101) is not found in Rubicon's affirmative defenses, counterclaims, or invalidity contentions.  *See D.I. 14, pp. 15-22; Exhibit D*.  Thus, Rubicon has not shown that the requested depositions are even relevant to an issue in this case.  Even if, solely for the purpose of discussion, Rubicon were to establish that one or more of the listed four inventors' contributions did not rise to the level of co-inventorship, the remedy is simply to amend inventorship, not invalidation of the patents.  *See, e.g., 35 U.S.C. § 256; Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998).  Thus, Rubicon's requested and belated fishing expedition via the 3 Doctors is futile.

Moreover, Rubicon attempts to link its new improper inventorship theory to the Court's claim construction ruling.  *D.I. 109, p. 1*.  Plaintiffs' claim construction positions were served on March 13, 2025.  *D.I. 42*.  Claim construction briefing was completed by June of 2025.  *D.I. 75*.  Argument was held on July 31, 2025, and Judge Hall ruled from the bench.  *D.I. 99*.  The formal claim construction Order was entered on August 15, 2025.  *D.I. 88*.  Despite all these prompts that allegedly led to the improper inventorship theory, and despite knowing that the inventors are French, Rubicon did nothing until September 29, 2025, just 31 days before the end of discovery.  Rubicon's delay warrants denial of its Motion to Compel.

**6.      Conclusion**

Rubicon slumbered on its right to follow established procedures, both for deposing foreign witnesses and for properly introducing defenses, counterclaims, and/or invalidity assertions.  Rubicon's requested depositions are duplicative, unduly burdensome, and futile.  Plaintiffs respectfully request that Rubicon's Motion to Compel be denied.

Respectfully submitted,

Keith A. Jones (No. 7011)

cc:      All Counsel of Record (via CM/ECF)