IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE MEDICAMENT SAS; UNIVERSITÉ DE BORDEAUX; CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX; and PIERRE FABRE PHARMACEUTICALS, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> RUBICON RESEARCH PRIVATE LIMITED, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 1:24-cv-00811-JLH-SRF |

**PLAINTIFFS' OBJECTIONS TO
DISCOVERY DISPUTE ORDER ISSUED ON NOVEMBER 7, 2025 (D.I. 116)**

OF COUNSEL:

Philip L. Hirschhorn (*pro hac vice*)
Erin M. Dunston (*pro hac vice*)
Julianna L. Hunt (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
phirschhorn@panitchlaw.com
edunston@panitchlaw.com
jhunt@panitchlaw.com

John D. Simmons (#5996)
Travis W. Bliss (#4988)
Keith A. Jones (#7011)
Ikenna C. Ejimonyeugwo (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, Delaware 19803
Tel: (302) 394-6001
jsimmons@panitchlaw.com
tbliss@panitchlaw.com
kjones@panitchlaw.com
iejimonyeugwo@panitchlaw.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

Dated: November 17, 2025

# TABLE OF CONTENTS

I. Standard of Review ................................................................................................. 1

II. Relevant Factual History .......................................................................................... 2

III. Argument .................................................................................................................. 4

    A. Because None of the 3 Doctors Is an Officer, Director, or Managing Agent of Any of the Plaintiffs, It Was Clearly Erroneous and Contrary to Law to Order Their Depositions Upon Mere Notice Under Rule 30 of the Federal Rules of Civil Procedure ................................................................................... 4

    B. The Order's Misapprehension of the Controlling Nature of the Hague Convention Was Clearly Erroneous and Contrary to Law ...................................... 5

    C. The Order's Reliance on Rubicon's Assertion That the Patents-In-Suit Were Invalid Under 35 U.S.C. § 101 For Improper Inventorship To Support Granting Rubicon's Motion Was Clear Error ............................................ 6

    D. The Order's Reliance on Assignments Made by the 3 Doctors Was Clearly Erroneous and Contrary to Law ............................................................... 8

    E. It Was Clearly Erroneous for the Order to Encourage Delay and Avoidance of Established, Controlling Procedures ................................................. 9

IV. Conclusion .............................................................................................................. 10

Standing Order Certification ................................................................................................ C1

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abbott Labs. v. Impax Labs.*,
  No. 03-120-KAJ, 2004 U.S. Dist. LEXIS 13487 (D. Del. July 15, 2004) ................................. 6

*Aerocrine AB v. Apieron Inc.*,
  267 F.R.D. 105 (D. Del. 2010) .................................................................................................. 8

*Align Tech., Inc. v. 3Shape A/S*,
  Nos. 17-1646-LPS, 17-1647-LPS, 2020 U.S. Dist. LEXIS 66275
  (D. Del. Apr. 15, 2020) ......................................................................................................... 1, 2

*In re Benicar (Olmesartan) Prods. Liab. Litig.*,
  No. 15-2606, 2016 U.S. Dist. LEXIS 137839 (D.N.J. Oct. 4, 2016) .................................... 4, 5

*Campbell v. Sedgwick Detert, Moran & Arnold*,
  No. 11-642, 2013 U.S. Dist. LEXIS 45981 (D.N.J. Mar. 28, 2013) ......................................... 4

*E.I. du Pont de Nemours & Co. v. Macdermid Printing L.L.C.*,
  248 F. Supp. 3d 570 (D. Del. 2017) .......................................................................................... 8

*Ethypharm SA France v. Abbott Labs*,
  271 F.R.D. 82 (D. Del. Nov. 15, 2010) ..................................................................................... 4

*Evans v. John Crane, Inc.*,
  No. 15-681, U.S. Dist. LEXIS 184048 (D. Del. Oct. 24, 2019) ............................................... 2

*Green v. Fornario*,
  486 F.3d 100 (3d Cir. 2007) ..................................................................................................... 1

*Hill v. Sonitrol of Southwestern Ohio, Inc.*,
  521 N.E.2d 780 (Ohio 1988) .................................................................................................... 9

*MBIA Ins. Corp. v. Royal Indem. Co.*,
  519 F. Supp. 2d 455 (D. Del. 2007) .......................................................................................... 9

*Midkiff v. Adams County Regional Water Dist.*,
  409 F.3d 758 (6th Cir. 2005) .................................................................................................... 9

*In re NFL Players' Concussion Injury Litig.*,
  962 F.3d 94 (3d Cir. 2020) ....................................................................................................... 1

*Norfolk & W. Co. v. United States*,
  641 F.2d 1201 (6th Cir. 1980) .................................................................................................. 9

*Norguard Ins. Co. v. Serveon Inc.*,
   No. 08-900, 2011 U.S. Dist. LEXIS 8371 (D. Del. Jan. 28, 2011) ...........................................1

*Oja v. Kin*,
   581 N.W.2d 739 (Mich. App. Ct. 1998) ................................................................................9

*Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. DE C.V.*,
   292 F.R.D. 19 (D.D.C. 2013)..................................................................................................6

*Pannu v. Iolab Corp.*,
   155 F.3d 1344 (Fed. Cir. 1998)...............................................................................................7

*Schindler Elevator Corp. v. Otis Elevator Co.*,
   No. 06 Civ 5377, 2007 U.S. Dist. LEXIS 44200 (S.D.N.Y. June 18, 2007)..............................5

*In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*,
   C.A. No. MDL 1428, 2006 U.S. Dist. LEXIS 29987 (S.D.N.Y. May 16, 2006) ......................5

*United States v. Afram Lines (USA), Ltd.*,
   159 F.R.D. 408 (S.D.N.Y. 1994) .......................................................................................5, 6

**Statutes**

28 U.S.C. § 636(b) ..........................................................................................................................1

35 U.S.C. § 101............................................................................................................................6, 7

35 U.S.C. § 256................................................................................................................................7

**Other Authorities**

D. Del. LR 7.1.5(b) .........................................................................................................................1

D. Del. LR 72.1(b) ..........................................................................................................................1

Fed. R. Civ. P. 1 ........................................................................................................................9, 10

Fed. R. Civ. P. 30................................................................................................................2, 4, 5, 8, 10

Fed. R. Civ. P. 45 .................................................................................................................3, 5, 6, 8

Fed. R. Civ. P. 72 .......................................................................................................................1, C1

13 Williston on Contracts § 37:8 ....................................................................................................9

Pursuant to D. Del. LR 7.1.5(b), D. Del. LR 72.1(b),[1] Federal Rule of Civil Procedure 72, and 28 U.S.C. § 636(b), Plaintiffs Pierre Fabre Medicament SAS ("Pierre Fabre"), Université de Bordeaux ("Bordeaux"), Centre Hospitalier Universitaire de Bordeaux ("CHU"), and Pierre Fabre Pharmaceuticals, Inc. ("PFPI") (collectively, "Plaintiffs" or "Pierre Fabre"), by and through their undersigned attorneys, respectfully object to the Discovery Dispute Order issued by the Magistrate Judge on November 7, 2025 ("the Order") (D.I. 116).  Plaintiffs request that the Order be reversed or vacated and Rubicon's Motion to Compel the depositions of Drs. Léauté-Labrèze, Dumas de la Roque, and Thambo (D.I. 109) be denied.

## I.     Standard of Review

Pursuant to D. Del. LR 7.1.5(b) and D. Del. LR 72.1(b), the appropriate standard for review of the Order is a clearly erroneous or contrary to law standard.  *See Align Tech., Inc. v. 3Shape A/S*, Nos. 17-1646-LPS, 17-1647-LPS, 2020 U.S. Dist. LEXIS 66275, at *3 (D. Del. Apr. 15, 2020) (citing *28 U.S.C. § 636(b)(1)(A)*, FED. R. CIV. P. 72(a), *Norguard Ins. Co. v. Serveon Inc.*, No. 08-900, 2011 U.S. Dist. LEXIS 8371, at *2 (D. Del. Jan. 28, 2011) (noting that "[i]n discovery matters, decisions of the magistrate judge are given great deference and will be reversed only for an abuse of discretion"[2])).

Under the clearly erroneous standard, the Court "will only set aside findings of a magistrate judge when it is 'left with the definite and firm conviction that a mistake has been committed.'"  *Align*, 2020 U.S. Dist. LEXIS 66275, at *3 (quoting *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007)).

---

[1]  Referred to as "D. Del. LR 72(b)" in D. Del. LR 7.1.5(b).

[2]  To the extent Rubicon may argue that these Objections should be reviewed for abuse of discretion instead of clear error and contrariness to law, that is a distinction without a difference. "To find an abuse of discretion the District Court's decision must rest on a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  *In re NFL Players' Concussion Injury Litig.*, 962 F.3d 94, 101 (3d Cir. 2020) (quotations omitted).

A magistrate judge's order "is contrary to law only when the magistrate judge has misinterpreted or misapplied the applicable law." *Align*, 2020 U.S. Dist. LEXIS 66275, at *3 (quoting *Evans v. John Crane, Inc.*, No. 15-681, U.S. Dist. LEXIS 184048, at *17 (D. Del. Oct. 24, 2019)).

## II. Relevant Factual History

This Hatch-Waxman litigation between Plaintiffs and Defendant Rubicon Research Private Limited ("Rubicon") began on July 12, 2024. *D.I. 1*. This is the second U.S. district court litigation involving the patents-in-suit (U.S. Patent Nos. 8,338,489 and 8,987,262), the first litigation being between Plaintiffs and Annora Pharma Private Limited ("Annora"), Civil Action No. 1:22-cv-01442-JLH.

The Scheduling Order governing this litigation set the discovery cutoff date at October 30, 2025. *D.I. 22, p. 4, ¶ 8(a)*.

On September 29, 2025, 31 days prior to the discovery deadline, Rubicon served seven deposition notices: (1) a Rule 30(b)(6) Deposition Notice of Plaintiffs (*see* D.I. 97); (2) a Rule 30(b)(1) Deposition Notice of Jean Jacques Voisard (*see* D.I. 91); (3) a Rule 30(b)(1) Deposition Notice of Olivier A. Delannoy (*see* D.I. 92); (4) a Rule 30(b)(1) Deposition Notice of Christine Léauté-Labrèze (*see* D.I. 93); (5) a Rule 30(b)(1) Deposition Notice of Éric Dumas de la Roque (*see* D.I. 94); (6) a Rule 30(b)(1) Deposition Notice of Jean-Benoît Thambo (*see* D.I. 95); and (7) a Rule 30(b)(1) Deposition Notice of Alain Taieb (*see* D.I. 96).

The next day, on September 30, 2025, Plaintiffs requested that the seven deposition notices be withdrawn due to their tardy nature and in view of Rubicon already being in possession of deposition testimony of Plaintiffs, Mr. Delannoy, Dr. Taieb, and Dr. Voisard. *See*

*D.I. 109-1*. Rubicon declined to withdraw the deposition notices (*see* D.I. 109-2)[3] and the parties continued to correspond about the proposed depositions. *See D.I. 109-3, 109-4, 109-5*. Over the course of that correspondence, Plaintiffs stressed to Rubicon that: (1) none of Drs. Léauté-Labrèze, Dumas de la Roque, and Thambo is an officer, director, or managing agent of any of the Plaintiffs; (2) those doctors are residents and citizens of France; and (3) those doctors are practicing physicians with extremely busy schedules. *See D.I. 109-3, p. 1; D.I. 109-5, p. 1*. Rubicon served no Rule 45 subpoenas on any of the out-of-district witnesses, and it initiated no Hague Convention processes for any of the foreign witnesses. *See D.I. 111, pp. 1-2*.

The parties reached an impasse and a meet-and-confer occurred on October 16, 2025. *See D.I. 111-3, p. 2*. Plaintiffs indicated to Rubicon that it would offer, as a compromise, Drs. Taieb and Voisard as both 30(b)(1) and 30(b)(6) witnesses and offered Rubicon the chance to add several topics to its already-served 30(b)(6) Notice to further address or specify issues associated with Drs. Léauté-Labrèze, Dumas de la Roque, and Thambo (collectively, the "3 Doctors"). *Id*. Rubicon declined the offer to supplement its 30(b)(6) Notice. *See D.I. 111-3, p. 1*.

On October 20, 2025, the parties filed a Joint Motion for Teleconference to Resolve Discovery Dispute. *See D.I. 103*. Magistrate Judge Fallon ordered on October 20, 2025, that a telephonic discovery hearing would occur at 2:00 PM on November 12, 2025; that Rubicon's submission was due by 11:00 AM on November 3, 2025; and that Plaintiffs' submission was due by 11:00 AM on November 4, 2025. *See D.I. 104*.

On November 3, 2025, Rubicon filed a Motion to Compel ("Rubicon's Motion") requesting that the 3 Doctors be made available for deposition. *See D.I. 109*. On November 4, 2025, Plaintiffs' opposed Rubicon's Motion. *See D.I. 111*.

---

[3] Rubicon eventually agreed to withdraw the notice to Mr. Delannoy. *See D.I. 109-4, p. 2*.

On November 7, 2025, the Magistrate Judge cancelled the hearing scheduled for November 12, 2025, and issued an Order compelling Plaintiffs to make the 3 Doctors available for deposition in the United States (unless the parties reach agreement as to remote depositions) by no later than December 5, 2025. *See D.I. 116*.

### III. Argument

Plaintiffs respectfully submit that it was both clearly erroneous and contrary to law for the Order to compel Rule 30(b)(1) depositions of non-party witnesses Drs. Léauté-Labrèze, Dumas de la Roque, and Thambo, and more so to compel the depositions in the United States (absent agreement among the parties).

> **A. Because None of the 3 Doctors Is an Officer, Director, or Managing Agent of Any of the Plaintiffs, It Was Clearly Erroneous and Contrary to Law to Order Their Depositions Upon Mere Notice Under Rule 30 of the Federal Rules of Civil Procedure**

The Order cites Rule 30(a)(1) of the Federal Rules of Civil Procedure, but is silent as to Rule 30(b)(1), the Rule relied upon by Rubicon in the Notices of Deposition for the 3 Doctors. *Compare D.I. 116 with D.I. 93-95*. As made clear in Plaintiffs' opposition to Rubicon's Motion, "[n]one of the 3 Doctors is a party or an officer, director, or managing agent of any of the Plaintiffs." *D.I. 111, p. 2*. Under Federal Rule of Civil Procedure 30(b)(1), only a party or an officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a deposition notice. *FED. R. CIV. P. 30(b)(1)*; *In re Benicar (Olmesartan) Prods. Liab. Litig.*, No. 15-2606, 2016 U.S. Dist. LEXIS 137839, at *205 (D.N.J. Oct. 4, 2016) (citing *Campbell v. Sedgwick Detert, Moran & Arnold*, No. 11-642, 2013 U.S. Dist. LEXIS 45981 (D.N.J. Mar. 28, 2013)); *see also Ethypharm SA France v. Abbott Labs*, 271 F.R.D. 82, 90 (D. Del. Nov. 15, 2010) (noting that "there is no textual basis in the federal rules for [the] argument that the 'control' test is applicable to the court's consideration regarding its request to

- 4 -

depose individual witnesses pursuant to FED. R. CIV. P. 30."). "[P]ursuant to Fed. R. Civ. P. 30(b)(1) a corporation is only required to produce an officer, director, or managing agent for deposition." *Benicar*, 2016 U.S. Dist. LEXIS 137839, at *208. Because the 3 Doctors "do not fit into these categories their depositions may not be compelled." *Id*. at *205. Instead, the 3 Doctors are "not subject to deposition by notice [under Rule 30(b)(1)]" and should be "treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure; or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 Civ 5377, 2007 U.S. Dist. LEXIS 44200, at *5-6 (S.D.N.Y. June 18, 2007) (citing *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994)).

It was clearly erroneous and contrary to law to grant Rubicon's Motion and order that the 3 Doctors be deposed based upon a mere Notice under Rule 30 of the Federal Rules of Civil Procedure.

### B. The Order's Misapprehension of the Controlling Nature of the Hague Convention Was Clearly Erroneous and Contrary to Law

Plaintiffs' Opposition to Rubicon's Motion made clear the 3 Doctors are residents of France and subject to French law. *See D.I. 111, pp. 1-2*. As noted by the *Benicar* case, Rule 30 of the Federal Rules of Civil Procedure

> does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control. Rather, a party or any other person can be noticed for deposition, and subpoenaed if necessary. ***If the person sought for deposition is not within the subpoena power of a United States court, then procedures according to international treaty must be followed***.

*Benicar*, 2016 U.S. Dist. LEXIS 137839, at *209 (emphases added) (quoting *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, C.A. No. MDL 1428, 2006 U.S. Dist. LEXIS 29987, at *25-26 (S.D.N.Y. May 16, 2006)). As the *Afram* case explains, "[o]nly a party to a litigation may be

compelled to give testimony pursuant to a notice of deposition. . . . However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. . . . Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty *must* be utilized." *Afram*, 159 F.R.D. at 413 (emphasis added) (citations omitted). Plaintiffs' Opposition noted that "French law '**requires** compliance with the Hague Convention for any deposition of a French citizen or third country national,' even for willing deponents. *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. DE C.V.*, 292 F.R.D. 19, 24 (D.D.C. 2013) (emphasis added); *see also Abbott Labs. v. Impax Labs.*, No. 03-120-KAJ, 2004 U.S. Dist. LEXIS 13487, at *4 (D. Del. July 15, 2004) ("The parties agree that Dr. Stamm, Dr. Reginault, and Mr. Tendero, as French citizens who are third party witnesses, cannot be compelled to provide evidence in the absence of compliance with the Hague Evidence Convention.")." *D.I. 111, pp. 3-4*.

The Order found "unpersuasive" Plaintiffs' argument that Rubicon was *required* to follow procedures under the Hague Convention. *See D.I. 116*. The Order's misapprehension of the controlling nature of the Hague Evidence Convention was clearly erroneous and contrary to law.

    **C.    The Order's Reliance on Rubicon's Assertion That the Patents-In-Suit Were Invalid Under 35 U.S.C. § 101 For Improper Inventorship To Support Granting Rubicon's Motion Was Clear Error**

The Order states that "[f]ollowing the court's construction of the preamble in its *Markman* ruling, Defendant asserted that the patents-in-suit were invalid under 35 U.S.C. 101 for improper inventorship. (D.I. 88.) The present dispute involves Defendant's efforts to obtain discovery on conception and reduction to practice in support of its improper inventorship theory." *D.I. 116*. These statements are clearly erroneous.

- 6 -

On February 6, 2025, Rubicon served its Invalidity Contentions ("Contentions"). *See D.I. 38.* Nothing in the Contentions even hinted at a claim for improper inventorship. Rubicon has never sought to amend these Contentions. Rubicon never articulated the improper inventorship theory until it served supplemental interrogatory responses on October 17, 2025, less than two weeks before the close of fact discovery and *after* Rubicon served the Notices of Deposition for the 3 Doctors. *See D.I. 101.* That response included a single unsupported sentence:

> Subject to and without waiving the foregoing general and specific objections, Rubicon states pursuant to 35 U.S.C. § 101, the Patents-in-Suit are invalid for improper inventorship at least because there is no evidence that Eric Dumas de la Roque and/or Jean-Benoit Thambo conceived of or reduced to practice the alleged inventions of the Patents-in-Suit, i.e., methods of administering a beta-blocker, including propranolol, *with the intent* to treat hemangioma.

*See D.I. 124-7, p. 8* (emphasis in original).

The Order's error may stem from Rubicon's Motion, which states that "Rubicon asserts that the Patents-in-Suit are invalid under 35 U.S.C. § 101 for improper inventorship, and has noticed depositions of the named inventors and served discovery concerning inventorship." *D.I. 109, p. 1.* Rubicon's Motion cites no pleading or contention to support its assertion, because there is none. It was error for the Order to rely upon an invalidity theory "not found in Rubicon's affirmative defenses, counterclaims, or invalidity contentions."[4] *See D.I. 111, p. 4.*

---

[4] Moreover, as noted earlier by Plaintiffs, deposing the 3 Doctors is futile because even if there is an error in inventorship, "the remedy is simply to amend inventorship, not invalidation of the patents. *See, e.g., 35 U.S.C. § 256; Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998)." *D.I. 111, p. 4.*

### D. The Order's Reliance on Assignments Made by the 3 Doctors Was Clearly Erroneous and Contrary to Law

The Order relies upon assignments executed by the 3 Doctors to support granting Rubicon's Motion. *See D.I. 116*. The Order's reliance on the assignments is both clearly erroneous and contrary to law.

As explained in Sections A and B, controlling law forbids the 3 Doctors from being deposed via Rules 30 or 45 of the Federal Rules of Civil Procedure, and compliance with the Hague Evidence Convention is mandatory for pursuing depositions of the 3 Doctors. The assignments signed by the 3 Doctors do not override the controlling nature of the Hague Evidence Convention. As Plaintiffs argued originally, French law requires compliance with the Hague Convention. *See D.I. 111, p. 3*. Nothing in *Aerocrine* elevates assignment language above that international treaty. *See Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 111 (D. Del. 2010).

Moreover, and as noted by Plaintiffs in their Opposition to Rubicon's Motion, "[t]he 3 Doctors agreed to assist the Assignee, not Rubicon" when they executed the assignments. *See D.I. 111, p. 3*. Each of the assignments is a contract between the 3 Doctors and the assignee and the language clearly states: "Assignor hereby covenants and agrees to [take certain actions] . . . for the benefit of Assignee . . . ." *Id*. (citing *D.I. 109-7, p. PF00171836, D.I. 109-8, p. PF00171844*). The Order appears, without such argument from Rubicon or citation to applicable law, to convert Rubicon into an unintended third-party beneficiary of the assignment contracts and to allow Rubicon's status as such to negate the requirements of the Hague Evidence Convention. But under controlling law, an unintended third-party beneficiary has no right to enforce terms of a contract. *See, e.g., E.I. du Pont de Nemours & Co. v. Macdermid Printing L.L.C.*, 248 F. Supp. 3d 570 (D. Del. 2017) (noting that "[m]ere incidental beneficiaries

have no legally enforceable rights under a contract."); *Midkiff v. Adams County Regional Water Dist.*, 409 F.3d 758, 768 (6th Cir. 2005)[5] (noting that a third-party beneficiary to a contract is an incidental beneficiary, "who has no enforceable rights under the contract.") (citing *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 521 N.E.2d 780, 784-85 (Ohio 1988) and *Norfolk & W. Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980).

The Order is also contrary to law in this respect because Rubicon never argued it was entitled to third-party beneficiary status despite bearing the burden of proof. Yet, "[t]he party asserting third party beneficiary status bears the burden of demonstrating that the contract, or a provision thereof, was made for its benefit." *MBIA Ins. Corp. v. Royal Indem. Co.*, 519 F. Supp. 2d 455, 465 (D. Del. 2007) (citing 13 Williston on Contracts § 37:8); *Oja v. Kin*, 581 N.W.2d 739, 744 (Mich. App. Ct. 1998) (same).

It was clearly erroneous and contrary to law for the Order to elevate Rubicon to an unintended third-party beneficiary (a theory never advanced by Rubicon), allow an unintended third-party beneficiary to enforce a contract, and to permit a contract to contravene the controlling nature of the Hague Evidence Convention.

**E.    It Was Clearly Erroneous for the Order to Encourage Delay and Avoidance of Established, Controlling Procedures**

Plaintiff's Opposition to Rubicon's Motion requested denial of Rubicon's Motion due to Rubicon's delay and failure to follow the Hague Evidence Convention process. *See D.I. 111, p. 1*. The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*.

---

[5] The assignments include no choice of law provision. *See D.I. 109-7, D.I. 109-8*. The entity who recorded the assignments lists an address in Michigan. *See D.I. 109-7, p. PF00171834; D.I. 109-8, p. PF00171843*.

If left in force, the Order will encourage other parties to not be diligent in amending or correcting their pleadings, not be diligent in pursuing discovery, and not comply with controlling multinational treaties – behavior that is neither just nor speedy. *See id*. It was clear error for the Order to encourage such behavior.

### IV. Conclusion

Plaintiffs respectfully request that the Order be reversed or vacated because "[i]t is a decision for the French Central Authority for the Hague Evidence Convention to decide whether any of the 3 Doctors will be deposed." *D.I. 111, p. 4*. The Order is contrary to law and clearly erroneous because Rule 30 of the Federal Rules of Civil Procedure does not permit granting Rubicon's Motion and Rubicon should have followed the established procedures under the Hague Evidence Convention.

Respectfully submitted,

Dated: November 17, 2025

OF COUNSEL:

Philip L. Hirschhorn (*pro hac vice*)
Erin M. Dunston (*pro hac vice*)
Julianna L. Hunt (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
phirschhorn@panitchlaw.com
edunston@panitchlaw.com
jhunt@panitchlaw.com

/s/ Keith A. Jones
John D. Simmons (#5996)
Travis W. Bliss (#4988)
Keith A. Jones (#7011)
Ikenna C. Ejimonyeugwo (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, Delaware 19803
Tel: (302) 394-6001
jsimmons@panitchlaw.com
tbliss@panitchlaw.com
kjones@panitchlaw.com
iejimonyeugwo@panitchlaw.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

**STANDING ORDER CERTIFICATION**

Pursuant to the District's March 7, 2022, Standing Order for Objections Filed under FED. R. CIV. P. 72, Paragraph 5, Plaintiffs hereby certify that the foregoing Objections raise only the following new argument: the Order's treatment of Rubicon as an unintended third-party beneficiary of the assignment contracts. Good cause for failing to previously raise this argument exists because Rubicon did not make that argument in its moving submission (*see* D.I. 109) and Plaintiffs could not reasonably have anticipated for the Order to raise that issue.

Dated: November 17, 2025                     */s/ Keith A. Jones*
                                                                  Keith A. Jones