IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE MEDICAMENT SAS; UNIVERSITÉ DE BORDEAUX; CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX; and PIERRE FABRE PHARMACEUTICALS, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> RUBICON RESEARCH PRIVATE LIMITED, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 1:24-cv-00811-JLH-SRF |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION
TO STAY ORDER (D.I. 116) PENDING PLAINTIFFS' OBJECTIONS**

OF COUNSEL:

Philip L. Hirschhorn (*pro hac vice*)
Erin M. Dunston (*pro hac vice*)
Julianna L. Hunt (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
phirschhorn@panitchlaw.com
edunston@panitchlaw.com
jhunt@panitchlaw.com

Dated: November 17, 2025

John D. Simmons (#5996)
Travis W. Bliss (#4988)
Keith A. Jones (#7011)
Ikenna C. Ejimonyeugwo (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, Delaware 19803
Tel: (302) 394-6001
jsimmons@panitchlaw.com
tbliss@panitchlaw.com
kjones@panitchlaw.com
iejimonyeugwo@panitchlaw.com

*Attorneys for Plaintiffs/Counterclaim Defendants*

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Nature and Stage of the Proceedings | 1 |
| II. | Summary of the Argument | 1 |
| III. | Factual Background | 2 |
| IV. | Argument | 3 |
| V. | Conclusion | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Benicar (Olmesartan) Prods. Liab. Litig.*,
 No. 15-2606, 2016 U.S. Dist. LEXIS 137839 (D.N.J. Oct. 4, 2016) .........................................5

*Engenharia de Projeto Ltda v. Republic of Peru*,
 665 F.3d 384 (2d Cir. 2011)........................................................................................................5

*Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*,
 725 F.3d 940 (9th Cir. 2013) ......................................................................................................5

*Invista N. Am. S.à.r.l. v. M&G USA Corp.*,
 Civil Action No. 11-1007, 2013 U.S. Dist. LEXIS 52617 (D. Del. Apr. 5, 2013)....................3

*Prometheus Radio Project v. FCC*,
 No. 03-3388, 2003 U.S. App. LEXIS 18390 (3d Cir. Sept. 3, 2003) ........................................4

*Revel AC, Inc. v. IDEA Boardwalk LLC*,
 802 F.3d 558 (3d Cir. 2015)........................................................................................................4

*Wash. Metro. Area Transit Com. v. Holiday Tours, Inc.*,
 559 F.2d 841 (D.C. Cir. 1977) ....................................................................................................4

**Statutes**

28 U.S.C. § 636.................................................................................................................................4

**Other Authorities**

D. Del. LR 72.1................................................................................................................................4

Fed. R. Civ. P. 30(b)(1)................................................................................................................1, 2

Fed. R. Civ. P. 30(b)(6)....................................................................................................................2

Fed. R. Civ. P. 72.............................................................................................................................4

Plaintiffs[1] respectfully request this Court stay its November 7, 2025 oral order (D.I. 116) compelling French citizens, residents, and inventors Dr. Christine Léauté-Labrèze, Dr. Éric Dumas de la Roque, and Dr. Benoît Thambo (collectively, the "3 French Doctors") to be deposed pursuant to Rule 30(b)(1) notices in this District while Plaintiffs' Objections to the oral order (D.I. 125) are pending.

**I.    Nature and Stage of the Proceedings**

In this Hatch Waxman patent infringement case (D.I. 1), discovery closed on October 30, 2025 (D.I. 22, ¶ 8(a)), subject to Rubicon's "emergency" motion of that day for an extension (D.I. 106).  Other than a few depositions that will be complete by November 21, 2025, the only outstanding discovery issues are the potential depositions of the 3 French Doctors and a motion to compel certain discovery responses filed by Rubicon (D.I. 121).  Opening expert reports are due December 4, 2025, and trial is set for June 8, 2026 (D.I. 29-1 at 3).

Shortly before discovery closed, Rubicon moved to compel the Rule 30(b)(1) depositions of the 3 French Doctors.  That Motion was granted on November 7.  D.I. 116.  This Motion accompanies Plaintiffs' objections to that ruling.

**II.    Summary of the Argument**

Plaintiffs respectfully submit that the depositions of the 3 French Doctors should be stayed pending resolution of their Objections because each of the factors relating to a stay request weigh in favor of the stay, or are at worst neutral.  The two factors that weigh most heavily in the Third Circuit both tilt strongly toward a stay: (1) forcing the depositions to go forward now would irreparably harm Plaintiffs by depriving them of a possible remedy under the

---

[1] Pierre Fabre Medicament SAS ("Pierre Fabre"), Université de Bordeaux ("Bordeaux"), Centre Hospitalier Universitaire de Bordeaux ("CHU"), and Pierre Fabre Pharmaceuticals, Inc. ("PFPI") (collectively, "Plaintiffs" or "Pierre Fabre").

Objections, and (2) Plaintiffs have a significant likelihood of prevailing on the Objections because the law is clear that where an individual is not a party or an officer, director, or managing agent of a party, which the 3 French Doctors are not, their depositions cannot be compelled by mere Rule 30(b)(1) notice, as Rubicon has tried to do. The third factor, the potential harm to Rubicon, is nonexistent because granting the stay still allows them the possibility to take the depositions, just at a later date. Finally, the fourth factor, the public interest, is only implicated in the sense that international relations between U.S. courts and French law warrant careful review, which again weighs in favor of a stay.

### III.     Factual Background

Discovery in this case began in October 2024. (D.I. 22). It closed on October 30, 2025 (*Id*, ¶ 8(a)), subject to Rubicon's request for an extension (D.I. 106) and the parties' agreement to take certain depositions in November. On September 29, 2025, 31 days prior to the discovery deadline, Rubicon served seven deposition notices: (1) a Rule 30(b)(6) Deposition Notice of Plaintiffs (D.I. 97); (2) a Rule 30(b)(1) Deposition Notice of Jean Jacques Voisard (D.I. 91); (3) a Rule 30(b)(1) Deposition Notice of Olivier A. Delannoy (D.I. 92); (4) a Rule 30(b)(1) Deposition Notice of Christine Léauté-Labrèze (D.I. 93); (5) a Rule 30(b)(1) Deposition Notice of Éric Dumas de la Roque (D.I. 94); (6) a Rule 30(b)(1) Deposition Notice of Jean-Benoît Thambo (D.I. 95); and (7) a Rule 30(b)(1) Deposition Notice of Alain Taieb (D.I. 96).

After several letters and discussions between counsel, Rubicon agreed to withdraw the notice to Mr. Delannoy (D.I. 109-4) and the parties cooperatively scheduled the depositions of Drs. Voisard and Taieb, who would also act as Plaintiffs' 30(b)(6) witnesses. (D.I. 111-3 at 2). But Plaintiffs maintained (and still maintain) their objection to the depositions of the 3 French Doctors on the bases that (1) none of the 3 French Doctors is an officer, director, or managing agent of any of the Plaintiffs, and thus their depositions cannot be obtained upon a mere notice;

(2) the 3 French Doctors are residents and citizens of France, and thus can only be accessed for discovery through the Hague Evidence Convention; and (3) the 3 French Doctors are practicing physicians with extremely busy schedules, and thus their depositions are an unnecessary burden and not proportional to the needs of the case.  (D.I. 109-3 at 1; D.I. 109-5 at 1).

The parties met-and-conferred on that issue on October 16, 2025 (D.I. 111-3 at 2) and filed a Joint Motion for Teleconference to Resolve Discovery Dispute.  (D.I. 103).  After the issue was briefed, the Court ruled on November 7 that the 3 French Doctors must appear in Delaware for deposition by December 5, 2025 (absent agreement of the parties regarding remote depositions).  (D.I. 116).

Plaintiffs have now filed objections to the ruling (D.I. 125) and concurrently file this Motion to Stay the ruling during the pendency of the objections.

**IV.    Argument**

The depositions of the 3 French Doctors should be stayed pending resolution of Plaintiffs' Objections, primarily because forcing the depositions to go forward will negate Plaintiffs' right to have their Objections heard and Plaintiffs have a strong likelihood of succeeding on those Objections.

Whether to stay a Court's Order is based on consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Invista N. Am. S.à.r.l. v. M&G USA Corp.*, Civil Action No. 11-1007, 2013 U.S. Dist. LEXIS 52617, at *4 (D. Del. Apr. 5, 2013).  In the Third Circuit, the first two factors are critical and must be shown before considering the other two.  "The analysis should proceed as follows.  Did the applicant make a sufficient showing that (a) it can win on the merits

(significantly better than negligible but not greater than 50%) and (b) will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a sliding scale approach." *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 571 (3d Cir. 2015).

These factors weigh in favor of a stay here, particularly because of the potential harm to Plaintiffs if it is denied. In that case, the depositions will have to go forward now and in this District (absent agreement of the parties), before the objections can be reviewed. That would effectively deny the objections and deprive Plaintiffs of their right to object set forth in Fed. R. Civ. P. 72, Local Rule 72.1, and 28 U.S.C. § 636. Conversely, granting the stay will cause no real harm to Rubicon – it can simply obtain the depositions at a later date if the objections are overruled. In the Third Circuit, that combination of factors strongly counsels a stay. *Prometheus Radio Project v. FCC*, No. 03-3388, 2003 U.S. App. LEXIS 18390, at *2 (3d Cir. Sept. 3, 2003) ("The harm to petitioners absent a stay would be the likely loss of an adequate remedy should the [underlying appeal succeed]. In contrast to this irreparable harm, there is little indication that a stay pending appeal will result in substantial harm to the [opposing party] or to other interested parties."); *see also Wash. Metro. Area Transit Com. v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) ("The court is not required to find that ultimate success by the movant is a mathematical probability, and indeed, as in this case, may grant a stay even though its own approach may be contrary to movant's view of the merits. The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors.").

But here, Plaintiffs also have a strong likelihood of success on the merits of the objections. The full reasons are set forth in the objections themselves (D.I. 125). In short, the issue is whether Rubicon was entitled to seek the deposition of the 3 French Doctors by simply serving a notice of deposition. The law is clear that Rubicon could not. A notice of deposition is

only effective to cause a deposition of a party or of an officer, director, or managing agent of a party. *In re Benicar (Olmesartan) Prods. Liab. Litig.*, No. 15-2606, 2016 U.S. Dist. LEXIS 137839, at *205 (D.N.J. Oct. 4, 2016). The 3 French Doctors are none of these. Therefore, the only way for Rubicon to seek their depositions was to invoke a method authorized by the French government, *i.e.*, the Hague Convention. It did not do so, and, therefore, there is a strong likelihood that the Order compelling the depositions of the 3 French Doctors will be reversed.

Finally, the public interest is neutral at worst. The public has no particular interest over *when* the 3 French Doctors might be deposed. But as the Ninth Circuit said in a different context, "there is a public interest in maintaining harmonious international relations." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 725 F.3d 940, 946 (9th Cir. 2013); *see also Figueiredo Ferraz e Engenharia de Projeto Ltda v. Republic of Peru,* 665 F.3d 384, 391 (2d Cir. 2011) (considering "international comity" as a public interest factor). To the extent the public interest is implicated by this Motion, it weighs in favor of a stay, so that the underlying interest of international comity represented by the Hague Evidence Convention can be thoroughly reviewed by the District Court.

**V.     Conclusion**

In sum, the two most critical factors in this request for a stay weigh in Plaintiffs' favor: the potential harm to them from denying the stay is both irreparable and guaranteed, in that the burdens placed on the 3 French Doctors and their patients by forcing them to be deposed in Delaware cannot be undone, and Plaintiffs have a strong argument for success on the objections, in that the law does not allow for non-officers, directors, or managing agents to be summoned for deposition merely on notice. The remaining factors also counsel for a stay – Rubicon will not be harmed if it must merely wait a little while to obtain its depositions, and the public interest will be supported by a careful review of the law surrounding the deposition of foreign witnesses. For

these reasons, Plaintiffs respectfully submit that the Court's Order (D.I. 116) should be stayed until Plaintiffs' objections are resolved.

Respectfully submitted,

Dated: November 17, 2025

OF COUNSEL:

Philip L. Hirschhorn (*pro hac vice*)
Erin M. Dunston (*pro hac vice*)
Julianna L. Hunt (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103-7044
Tel: (215) 965-1330
phirschhorn@panitchlaw.com
edunston@panitchlaw.com
jhunt@panitchlaw.com

/s/ Keith A. Jones
John D. Simmons (#5996)
Travis W. Bliss (#4988)
Keith A. Jones (#7011)
Ikenna C. Ejimonyeugwo (*pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, Delaware 19803
Tel: (302) 394-6001
jsimmons@panitchlaw.com
tbliss@panitchlaw.com
kjones@panitchlaw.com
iejimonyeugwo@panitchlaw.com

*Attorneys for Plaintiffs/Counterclaim Defendants*