# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE MEDICAMENT SAS, UNIVERSITÉ DE BORDEAUX, CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX, and PIERRE FABRE PHARMACEUTICALS, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> RUBICON RESEARCH PRIVATE LIMITED, <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 24-811-JLH-SRF |

**DEFENDANT RUBICON RESEARCH PRIVATE LIMITED'S
OPPOSITION TO PLAINTIFFS' OBJECTIONS TO
DISCOVERY DISPUTE ORDER ISSUED ON NOVEMBER 7, 2025 (D.I. 116)**

*Of Counsel:*

W. Blake Coblentz
Aaron S. Lukas
COZEN O'CONNOR
2001 M Street, N.W.
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
kschaubert@cozen.com

Dated: November 25, 2025

Kaan Ekiner (#5607)
Hugh J. Marbury (#7427)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com
hmarbury@cozen.com

*Attorneys for Defendant/Counterclaim
Plaintiff Rubicon Research Private Limited*

# **TABLE OF CONTENTS**

**Page**

I. Introduction ........................................................................................................................ 1

II. Relevant Factual Background ............................................................................................ 1

III. Argument ........................................................................................................................... 4

    A. Legal Standard ....................................................................................................... 4

    B. Rubicon Properly Served Rule 30(b)(1) Notices of Deposition. ........................... 5

    C. Plaintiffs' Arguments Concerning the Hauge Convention are Unpersuasive Considering the Governing Assignment Agreements. ...................... 5

    D. The Depositions are Critical for Rubicon's Claims of Improper Inventorship. ........................................................................................................... 8

    E. It is Plaintiff, Not the Court or Rubicon, That Seek to Delay This Proceeding. ............................................................................................................. 9

IV. Conclusion ........................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Lab'ys v. Impax Lab'ys, Inc.*,
  No. CIV.A. 03-120-KAJ, 2004 WL 1622223 (D. Del. July 15, 2004) ...................... 6

*Aerocrin AB v. Apieron Inc.*,
  267 F.R.D. 105 (D. Del. March 30, 2010) ................................................ 6, 7, 8

*In re Auto. Refinishing Paint Antitrust Litig.*,
  358 F.3d 288 (3d Cir. 2004) ................................................................. 6

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
  62 F. Supp. 3d 368 (D. Del. 2014) .......................................................... 7

*Minerva Surgical, Inc. v. Hologic, Inc.*,
  No. CV 18-00217-JFB-SRF, 2019 WL 5092254 (D. Del. Oct. 11, 2019) ................ 4

*Roberts v. Heim*,
  130 F.R.D. 430 (N.D. Cal. 1990) ............................................................ 7

*Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa*,
  482 U.S. 536, 107 S.Ct. 2542 (1987) ....................................................... 6

*Twin Spans Bus. Park, LLC v. Cincinnati Ins. Co.*,
  No. 1:19-CV-00476-SB-SRF, 2021 WL 1226497 (D. Del. Apr. 1, 2021) ................ 4

*Work v. Bier*,
  106 F.R.D. 45, 2 Fed. R. Serv. 3d 679 (D.D.C. 1985) .................................... 7

**Statutes**

28 U.S.C. § 636(b)(1)(A) ........................................................................... 4

35 U.S.C. § 101 ................................................................................... 2, 8

**Other Authorities**

D. Del. Local Rule 30.1 ............................................................................ 3

D. Del. Local Rule 72.1(b) ........................................................................ 1

Federal Rule of Civil Procedure 26(a)(1)(A) .................................................. 3, 5

Federal Rule of Civil Procedure 72(a) .......................................................... 1, 4

Federal Rule of Civil Procedure 30(a)(1) .......................................................................................5

Federal Rule of Civil Procedure 30 ............................................................................................5, 6

Federal Rule of Civil Procedure 30(b)(1) ..................................................................................1, 5

Federal Rule of Civil Procedure 36 ................................................................................................3

Federal Rule of Civil Procedure 36(a)(4) .......................................................................................3

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(a) and D. Del. Local Rule 72.1(b), Defendant/Counterclaim Plaintiff Rubicon Research Private Limited ("Rubicon") submits this Response to Plaintiffs/Counterclaim Defendants Pierre Fabre Medicament SAS, Universite de Bordeaux, Centre Hospitalier Universitaire de Bordeaux, and Pierre Fabre Pharmaceuticals, Inc.'s (collectively, "Plaintiffs") Objections to Magistrate Judge Sherry R. Fallon's Order (the "Objections") (D.I. 125).  For the reasons set forth herein, the Court should uphold the Order ("Order"), dated November 7, 2025 (D.I. 116).

## I.     Introduction

In their Objections, Plaintiffs seek to overturn a carefully reasoned discovery ruling that permits Rubicon to take a narrow set of Fed. R. Civ. P. 30(b)(1) depositions of three witnesses who are the named inventors of the asserted patents.  Plaintiffs' objections recycle arguments already presented and rejected, misstate the record, and fail to identify anything in the Order that is clearly erroneous or contrary to law.  As Judge Fallon correctly reasoned in the Order, testimony from these three individuals is critical to investigating the issue of inventorship of the asserted patents.  Judge Fallon further correctly reasoned that, in line with prior rulings by this Court, the inventors are subject to deposition in the United States because of their execution of an assignment agreement to that effect, even if such inventors reside outside of the United States.  The District of Delaware upholds the orders of magistrate judges on non-dispositive matters when, as here, their analysis is correctly grounded in law and the party opposing such order fails to show a misinterpretation or misapplication of the relevant law.  As such, the Objections should be denied in their entirety, and the Order should be upheld.

## II.    Relevant Factual Background

The patents Plaintiffs assert against Rubicon, U.S. Patent Nos. 8,338,489 ("the '489 patent") and 8,987,262 ("the '262 patent") (together, the "Patents-in-Suit"), concern methods for

1

treating a hemangioma comprising the administration of a beta blocker, including propranolol. D.I. 1, Exs. A, B. During the course of fact discovery, the parties disputed the meaning of two claim terms in the Patents-in-Suit, "hemangioma" and the preamble, and engaged in claim construction briefing. D.I. 78 (Joint Claim Construction Brief). A *Markman* hearing was held on July 31, 2025, and on August 15, 2025, the Court issued its *Markman* Order (D.I. 88) adopting Plaintiffs' constructions. As relevant here, the Court construed the preamble as follows: "The preamble is limiting and *requires* that *the claimed medicament is administered for the purpose of treating the claimed condition*." *Id*. (emphasis added). As a result of the Court's construction of the preamble, Rubicon asserts that the Patents-in-Suit are invalid under 35 U.S.C. § 101 for improper inventorship, and has noticed depositions of the named inventors and served discovery concerning inventorship.

Specifically, on September 15, 2025, Rubicon served its First Set of Interrogatories ("ROGs") to Plaintiffs (Nos. 1-7), and on September 19, 2025, Rubicon served its First Set of Requests for Admission ("RFAs") to Plaintiffs (Nos. 1-44). These ROGs and RFAs sought information related to, among other things, the inventorship issue. On September 29, 2025, Rubicon served 30(b)(1) Notices of Deposition for Dr. Christine Léaute-Labrèze (D.I. 93), Dr. Éric Dumas de la Roque (D.I. 94), and Dr. Benoît Thambo (D.I. 95), among others.

By letter dated September 30, 2025, Plaintiffs asserted that all deposition notices were "unreasonable," including because the notices were served "31 days before the close of discovery" and because five of the "individuals … live outside of the United States" and requested that Rubicon withdraw the notices. D.I. 109, Ex. 1. Belying Plaintiffs' timeliness argument, however, was the fact that Plaintiffs served their own 30(b)(6) Notice of Deposition to Rubicon on September 30, 2025—one day *after* Rubicon. *See* D.I. 98. On October 3, 2025, Rubicon responded

2

explaining that "reasonable" notice had been provided, consistent with Rule 30.1 of the Local Rules of the District of Delaware. D.I. 109, Ex. 2 at 1. Rubicon further pointed out that "[e]ach of the noticed individuals was identified in Plaintiffs' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) as 'likely to have discoverable information[,]' [and t]herefore, Rubicon is entitled to take their depositions." *Id*. As Rubicon further explained: "Plaintiffs identified these 'individuals who live outside of the United States' fully aware that the parties' agreed-upon Scheduling Order states 'Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition ***at a place designated within this district***.'" *Id*. (citing D.I. 22, ¶ 8(e)(iii) (emphasis added)). On these bases, Rubicon stated that it would not withdraw the deposition notices, but, in an effort to compromise, offered to take the deposition of foreign witnesses via remote means. *Id*.

Despite this effort to compromise, Plaintiffs still refused to produce Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo for a deposition, and argued that these inventors are all "practicing physicians with extremely busy schedules", and that Plaintiffs' responses to written discovery requests will address the issues that the individuals would address in a deposition. Plaintiffs' discovery responses, however, were incomplete, and failed to address the topics that would be covered in the depositions at issue.[1]

As the parties were unable to reach agreement concerning this dispute, Rubicon requested that the Court compel Plaintiffs to make Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo

---

[1] On November 24, 2025, Magistrate Judge Fallon issued an order compelling Plaintiffs to provide supplemental responses to Requests for Admission Nos. 1-12 because Plaintiffs' responses were "deficient under Rule 36(a)(4)" and Requests for Admission Nos. 25 and 26 because Plaintiffs' responses "do not conform to Rule 36." D.I. 135.

available for deposition. *See* D.I. 109. Plaintiffs filed a response to that request on November 4, 2025. *See* D.I. 111. After reviewing the parties' submissions and associated filings, on November 7, 2025, Judge Fallon ordered that Rubicon's motion to compel was granted. *See* D.I. 116. On November 17, 2025, Plaintiff filed the subject Objections to the November 7, 2025 Order. *See* D.I. 125. For the reasons set forth herein, Plaintiffs' Objections should be rejected, and the Order should be affirmed.

### III.   Argument

#### A.   Legal Standard

The relevant standard of review for a magistrate judge's orders on non-dispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *See Minerva Surgical, Inc. v. Hologic, Inc.,* No. CV 18-00217-JFB-SRF, 2019 WL 5092254, at *2 (D. Del. Oct. 11, 2019). Following a party's objection to an order regarding a non-dispositive matter, the district court will only set aside that order if it established to be "clearly erroneous or is contrary to law." *Id*. (affirming the magistrate judge's discovery order). This requires a showing that the magistrate judge "misinterpreted or misapplied the appliable law." *See id*.; *see also Twin Spans Bus. Park, LLC v. Cincinnati Ins. Co.,* No. 1:19-CV-00476-SB-SRF, 2021 WL 1226497, at *1 (D. Del. Apr. 1, 2021) ("The plaintiffs have shown nothing clearly erroneous or contrary to law about the Magistrate Judge's ruling. Indeed, they do not even try to argue under that standard. Nor could they. The Magistrate Judge's Oral Order reflected a careful review of the record and was reasonable.").

Here, Plaintiffs failed to meet this exacting standard, and cannot show that the Order was clearly erroneous or contrary to law.

4

### B. Rubicon Properly Served Rule 30(b)(1) Notices of Deposition.

Plaintiffs first argue that the Order cited Rule 30(a)(1) of the Federal Rules of Civil Procedure, but is silent as to Rule 30(b)(1). Objections at pp. 4-5. That is incorrect. The Order clearly states that "the Co-Inventors should be made available for depositions ***under Rule 30(b)(1)***…". *See* Order (emphasis added). In its Objections, Plaintiffs argue that the Court cannot compel these individuals' depositions under Rule 30(b)(1) because they are not a party or an officer, director, or managing agent of a corporate party. *See* Objections at p. 4. However, each of these individuals were identified by Plaintiffs in their Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) as likely to have discoverable information. Moreover, the language of Rule 30 allows a party to notice the deposition of "any person", not just those that qualify as a officer, director or managing agent of a corporate party. *See* Fed. R. Civ. P. 30(a)(1).

### C. Plaintiffs' Arguments Concerning the Hauge Convention are Unpersuasive Considering the Governing Assignment Agreements.

In their Objections, Plaintiffs again argue that Rubicon was required to follow certain procedures under the Hague Convention for deposing the individuals, who are residents of France. Objections at pp. 5-6. This argument ignores the relevant case law that Judge Fallon relied upon in the Order. Judge Fallon explained that this Court has required foreign inventors to be made available for deposition in the United States where such individuals have executed an assignment agreement to that effect. *See* Order. As outlined by Judge Fallon in the Order, the individuals executed assignment agreements for the Patents-in-Suit in which they agreed as follows: "Assignor hereby covenants and agrees... as to letters patent..., and for litigation regarding... the United States application for patent, or Letters Patent therefor, and to testify in support thereof, for the benefit of Assignee[.]" *Id*.

5

In *Aerocrin AB v. Apieron Inc.*, 267 F.R.D. 105, 111-112 (D. Del. March 30, 2010), upon which Judge Fallon relied, two foreign-based inventors were required to be deposed in the United States because both inventors were "parties to an assignment agreement that specifically contemplated the provision of testimony for purposes of enforcing the patent rights that were subject of the assignment agreement; it also specifically references enforcement in the United States." This is exactly on par with the assignment agreements the three inventors executed. As such, it was entirely appropriate and proper for Judge Fallon to rely upon this case in determining that the inventors are subject to be deposed in the United States. Any other ruling would in fact be contrary to controlling case law.

The cases upon which Plaintiffs rely to argue that French law requires compliance with the Hague Convention for any and all depositions of any French citizen are unconvincing, and clearly distinguishable from the subject dispute. For example, in *Abbott Lab'ys v. Impax Lab'ys, Inc.,* No. CIV.A. 03-120-KAJ, 2004 WL 1622223, at *1 (D. Del. July 15, 2004), the parties agreed that the depositions at issue were subject to the Hauge Convention. Moreover, there, none of the individuals at issue were current employees of the plaintiff, nor was there any mention of an assignment or other similar agreement. *See id*. In reality, and contrary to Plaintiffs' assertions, parties in U.S. litigation routinely obtain "foreign" testimonial evidence without using Hauge Convention methods, and courts can order a foreign party to appear for a deposition in the U.S. noticed under Fed. R. Civ. P. 30. *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.,* 358 F.3d 288, 300 (3d Cir. 2004) ("However, the Federal Rules are "the normal methods" for federal litigation involving foreign national parties unless the "optional" or "supplemental" Convention procedures prove to be conducive to discovery under some circumstances.") (citing *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for the S. Dist. of Iowa,* 482 U.S.

6

536, 107 S.Ct. 2542 (1987)); *Roberts v. Heim*, 130 F.R.D. 430, 440 (N.D. Cal. 1990) (ordering Swiss defendant to appear in San Francisco for deposition); *Work v. Bier*, 106 F.R.D. 45, 56, 2 Fed. R. Serv. 3d 679 (D.D.C. 1985) (ordering German defendants to appear in U.S. for deposition). Where, as here, the inventors executed assignment agreements that specifically contemplate the provision of testimony in the United States concerning the Patents-in-Suit, Plaintiffs' arguments concerning the Hague convention are again unpersuasive.

Next, Plaintiffs' new additional argument that the Order somehow converts Rubicon "into an unintended third party beneficiary" (*see* Objections at p. 8) of the assignment agreements is without merit, and contrary to the actual Order. As an initial matter, this argument should be rejected because it was not presented in Plaintiffs' original response to the request to compel. *See, e.g., Masimo Corp. v. Philips Elec. N. Am. Corp.,* 62 F. Supp. 3d 368, 377 (D. Del. 2014) (explaining that "parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge."). Furthermore, nowhere in Rubicon's initial request to compel nor the Order does anyone argue that Rubicon is a third-party beneficiary of the assignment agreements. Requiring these individuals to testify does not require converting Rubicon into a third-party beneficiary. Unlike what Plaintiffs' Objections seem to suggest, Rubicon is not asking these individuals to testify on *Rubicon's* behalf. Instead, and as Judge Fallon noted, in their assignment agreements, these individuals expressly agreed to testify in support of any issued patent for the benefit of Plaintiffs. This is exactly what they are now being asked to do, and is consistent with this Court's decision in *Aerocrin*, which granted a motion to compel the U.S. depositions of foreign inventors who executed assignment agreements 'that specifically contemplated the provision of testimony for purposes of enforcing the patent rights.' See *Aerocrine*, 267 F.R.D. at 112. Like here, in *Aerocrine*, the defendant moved to compel

7

the deposition of co-inventors of a patent who executed an assignment agreement obligating them to "aid [the plaintiff] to obtain and enforce" the patent in the United States. *Id*. at 111. The court held that this language was sufficient to obligate the inventors to appear for deposition in the U.S., and such a finding did not require converting the defendant into a third-party beneficiary of the agreement. *See id.*

In sum, Judge Fallon correctly relied upon prior case precedent in determining that these individuals are subject to deposition in the United States, and such a finding should be upheld.

**D.     The Depositions are Critical for Rubicon's Claims of Improper Inventorship.**

Next, Plaintiffs argue that it was error for Judge Fallon to rely upon Rubicon's assertion that the Patents-in-Suit were invalid for improper inventorship because such a claim was not included in Rubicon's Initial Invalidity Contentions. *See* Objections, p. 6-7. However, neither Rubicon nor Judge Fallon asserted that such a claim was included in the Initial Invalidity Contentions. As outlined by Rubicon, Rubicon asserts that the Patents-in-Suit are invalid under 35 U.S.C. § 101 for improper inventorship as a result of the Court's construction of the preamble in the *Markman* ruling. In other words, Rubicon did not assert such a theory until after the *Markman* ruling, which was issued on August 15, 2025. Following that ruling, Rubicon timely served its First Set of Interrogatories on September 15, 2025 and its Requests for Admission on September 19, 2025. These requests sought information related to the inventorship issue. Rubicon also served its 30(b)(1) Notices of Deposition for Dr. Christine Léaute-Labrèze (D.I. 93), Dr. Éric Dumas de la Roque (D.I. 94), and Dr. Benoît Thambo (D.I. 95) on September 29, 2025. Therefore, Plaintiffs' contention that Rubicon never set forth its improper inventorship theory until it served supplemental interrogatory responses on October 17, 2025 is without merit. Given Rubicon's discovery requests, Plaintiffs were clearly aware of Rubicon's assertion of improper ownership since at least as early as September 15, 2025. Indeed, Judge Fallon noted in a recent Oral Order

8

that "Plaintiffs' position that they were unaware of the [inventorship] theory until Defendant served supplemental interrogatory responses on October 17, 2025 is unpersuasive" given the written discovery that was served and depositions that were noticed. *See* D.I. 136.

      **E.**      **It is Plaintiff, Not the Court or Rubicon, That Seek to Delay This Proceeding.**

Plaintiffs lastly argue that the Order "encourage[s] delay and avoidance of established, controlling procedures." *See* Objections at p. 9. At most, this argument amounts to a disagreement with a judge's case-management judgment, which is wholly insufficient to overturn a court order. As set forth herein, reversal requires showing the Order is clearly erroneous or contrary to law—an exacting standard not met by generalized and speculative delay concerns. In reality, here, it is Plaintiffs – not Rubicon – who seek to unduly delay this proceeding, as it has concurrently filed a Motion to Stay the Order (D.I. 126). Additionally, Plaintiffs have failed to fully respond to written discovery requests after offering them as a substitute for the compelled testimony. As noted in the Order, this only further undermines Plaintiffs' position that Rubicon is the one unreasonably delaying this proceeding. In fact, on November 24, 2025, Magistrate Judge Fallon recognized the deficiencies in Plaintiffs' discovery responses and issued an order compelling Plaintiffs to provide supplemental responses to Requests for Admission Nos. 1-12, 25, and 26. D.I. 135. Further, on November 24, 2025, Magistrate Judge Fallon granted-in-part Rubicon's Emergency Motion to Amend the Scheduling Order (D.I. 106) noting that "Plaintiffs ignore their own contribution to this delay by resisting all discovery pertaining to the inventorship defense, leading to a series of discovery disputes in addition to the emergency motion practice, and continuing even after the issuance of court order permitting the discovery to proceed." *See* D.I. 136.

In sum, Judge Fallon heard the parties' positions, considered the record, tailored the relief, and articulated a reasoned basis for ordering the depositions of the three named inventors: Drs.

9

Léaute-Labrèze, Dumas de la Roque, and Thambo. That is the essence of proper discretion, and the Order should therefore be affirmed.

## IV. Conclusion

For the foregoing reasons, Rubicon respectfully requests that the Court uphold the November 7, 2025 Order in full.

Dated: November 25, 2025

*Of Counsel:*

W. Blake Coblentz
Aaron S. Lukas
COZEN O'CONNOR
2001 M Street, N.W.
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
kschaubert@cozen.com

Respectfully submitted,

*/s/ Kaan Ekiner*
Kaan Ekiner (#5607)
Hugh J. Marbury (#7427)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com
hmarbury@cozen.com

*Attorneys for Defendant/Counterclaim Plaintiff Rubicon Research Private Limited*