# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIERRE FABRE MEDICAMENT SAS, UNIVERSITÉ DE BORDEAUX, CENTRE HOSPITALIER UNIVERSITAIRE DE BORDEAUX, and PIERRE FABRE PHARMACEUTICALS, INC., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> RUBICON RESEARCH PRIVATE LIMITED, <br><br> Defendant/Counterclaim Plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A. No. 24-811-JLH-SRF |

**DEFENDANT RUBICON RESEARCH PRIVATE LIMITED'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY ORDER (D.I. 116) PENDING PLAINTIFFS' OBJECTIONS**

*Of Counsel:*

W. Blake Coblentz
Aaron S. Lukas
COZEN O'CONNOR
2001 M Street, N.W.
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
kschaubert@cozen.com

Dated: November 25, 2025

Kaan Ekiner (#5607)
Hugh J. Marbury (#7427)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com
hmarbury@cozen.com

*Attorneys for Defendant/Counterclaim Plaintiff Rubicon Research Private Limited*

## TABLE OF CONTENTS

**Page**

I. Introduction ................................................................................................................. 1

II. Relevant Procedural and Factual Background .......................................................... 1

III. Argument .................................................................................................................... 3

    A. Legal Standard ................................................................................................ 3

    B. Plaintiffs Fail to Show a Likelihood of Success on the Merits. ..................... 3

    C. Plaintiffs Have Not Demonstrated Irreparable Harm. .................................... 5

    D. A Stay Would Prejudice Rubicon. .................................................................. 5

    E. The Public Interest and Judicial Economy Favor Prompt Compliance With Routine Court Orders. ....................................................................................................... 6

IV. Conclusion .................................................................................................................. 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aerocrine AB v. Apieron Inc.*,
   267 F.R.D. 105 (D. Del. 2010) ...................................................................................................4

*Checker Cab of Phila., Inc. v. Uber Techs., Inc.*,
   643 F. App'x 229 (3d Cir. 2016) ................................................................................................5

*In re Genesis Health Ventures, Inc.*,
   367 B.R. 516 (Bankr. D. Del. 2007) ..........................................................................................6

*In re MD Helicopters, Inc.*,
   641 B.R. 96 (D. Del. 2022) ........................................................................................................3

*MBIA Ins. Corp. v. Royal Indem. Co.*,
   294 F. Supp. 2d 606 (D. Del. 2003) ...........................................................................................3

**Statutes**

35 U.S.C. § 101 .............................................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 1 ...............................................................................................................................7

Defendant/Counterclaim Plaintiff Rubicon Research Private Limited ("Rubicon") submits this Opposition to Plaintiffs/Counterclaim Defendants Pierre Fabre Medicament SAS, Universite de Bordeaux, Centre Hospitalier Universitaire de Bordeaux, and Pierre Fabre Pharmaceuticals, Inc.'s (collectively, "Plaintiffs") Motion to Stay Order (D.I. 116) Pending Plaintiffs' Objections (the "Motion") (D.I. 126, 127). For the reasons set forth herein, the Court should deny Plaintiffs' Motion.

I.  **Introduction**

The Court has already adjudicated the parties' dispute and compelled the depositions of Dr. Christine Léaute-Labrèze, Dr. Éric Dumas de la Roque, and Dr. Benoît Thambo. *See* D.I. 116. In yet another attempt to deny Rubicon information concerning each inventor's individual contributions to the alleged inventions of the asserted patents, information critical to Rubicon's defense of improper inventorship under 35 U.S.C. § 101, Plaintiffs now ask the Court to halt compliance with the Court's Order ordering such depositions take place by December 5, 2025. However, a stay is not automatic and is disfavored where, as here, Plaintiffs cannot show a strong likelihood of success, irreparable harm absent a stay, lack of injury to Defendants, or that the public interest favors further delay. Because Plaintiffs have not met their burden to justify the extraordinary relief of a stay, Rubicon respectfully requests the Court deny Plaintiffs' Motion.

II.  **Relevant Procedural and Factual Background**

The patents Plaintiffs assert against Rubicon, U.S. Patent Nos. 8,338,489 ("the '489 patent") and 8,987,262 ("the '262 patent") (together, the "Patents-in-Suit"), concern methods for treating a hemangioma comprising the administration of a beta blocker, including propranolol. D.I. 1, Exs. A, B. During the course of fact discovery, the parties disputed the meaning of two claim terms in the Patents-in-Suit, "hemangioma" and the preamble, and engaged in claim construction briefing. D.I. 78 (Joint Claim Construction Brief). A *Markman* hearing was held on July 31, 2025,

and on August 15, 2025, the Court issued its *Markman* Order (D.I. 88) adopting Plaintiffs' constructions. As relevant here, the Court construed the preamble as follows: "The preamble is limiting and *requires* that *the claimed medicament is administered for the purpose of treating the claimed condition.*" *Id*. (emphasis added). As a result of the Court's construction of the preamble, Rubicon asserts that the Patents-in-Suit are invalid under 35 U.S.C. § 101 for improper inventorship, and has noticed depositions of the named inventors and served discovery concerning inventorship.

Specifically, on September 15, 2025, Rubicon served its First Set of Interrogatories ("ROGs") to Plaintiffs (Nos. 1-7), and on September 19, 2025, Rubicon served its First Set of Requests for Admission ("RFAs") to Plaintiffs (Nos. 1-44). These ROGs and RFAs sought information related to, among other things, the inventorship issue. On September 29, 2025, Rubicon served 30(b)(1) Notices of Deposition for Dr. Christine Léaute-Labrèze (D.I. 93), Dr. Éric Dumas de la Roque (D.I. 94), and Dr. Benoît Thambo (D.I. 95), among others.

Plaintiffs refused to produce these three individuals for a deposition and requested Rubicon withdraw the notices. Plaintiffs upheld this refusal even after Rubicon, in an effort at compromise, offered to conduct these depositions by remote means. Additionally, despite originally stating that their responses to written discovery requests would address the issues that the individuals would testify about in a deposition, Plaintiffs' ultimate discovery responses were incomplete, and failed to address the topics that would be covered in the depositions at issue. In fact, on November 24, 2025, this Court recognized the deficiencies in Plaintiffs' discovery responses and issued an order compelling Plaintiffs to provide supplemental responses to Requests for Admission Nos. 1-12, 25, and 26 on or before December 1, 2025. *See* D.I. 135.

As the parties were unable to reach agreement concerning this dispute, Rubicon requested that the Court compel Plaintiffs to make Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo available for deposition. *See* D.I. 109. Plaintiffs filed a response to that request on November 4, 2025. *See* D.I. 111. After reviewing the parties' submissions and associated filings, on November 7, 2025, Judge Fallon granted Rubicon's motion to compel, and ordered Plaintiffs to make the three co-inventors available for deposition in the United States no later than December 5, 2025. *See* D.I. 116. On November 17, 2025, Plaintiff filed Objections to the November 7, 2025 Order ("Objections"), and the subject Motion to Stay the Order Pending Plaintiffs' Objections. *See* D.I. 125 and D.I. 126.

### III.   Argument

#### A.   Legal Standard

A stay pending further review of a discovery order is an "extraordinary remedy." The moving party bears the burden to establish: (1) a strong showing of likelihood of success on the merits; (2) irreparable harm absent a stay; (3) that a stay will not substantially injure other parties; and (4) that the public interest favors a stay. *See In re MD Helicopters, Inc.,* 641 B.R. 96, 107 (D. Del. 2022) (denying motion to stay). However, the first two factors are pre-requisites, and "if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis." *Id.* The party seeking a stay bears a "heavy burden of justifying a stay." *See MBIA Ins. Corp. v. Royal Indem. Co.,* 294 F. Supp. 2d 606, 615 (D. Del. 2003).

#### B.   Plaintiffs Fail to Show a Likelihood of Success on the Merits.

Concerning the first factor, Plaintiffs fail to establish a likelihood of success on the merits of their Objections. The Court has already ruled on the disputed depositions, and ordered Plaintiffs to "make the Co-Inventors available for deposition in the United States no later than December 5,

3

2025." *See* D.I. 116.  Plaintiffs' Objections to that Order (D.I. 116) largely repackage the same arguments they already made – and that were rejected – by this Court.  As set forth at length in Rubicon's Opposition to Plaintiffs' Objections (D.I. 138), discovery rulings, like the one at issue here, are only overturned if there is an adequate showing of clear error or that the order is contrary to law; the movant therefore faces a particularly heavy burden to show likelihood of success when seeking to overturn such an order.  For the reasons set forth in Rubicon's Opposition, Plaintiffs cannot carry their burden to show that the Court misapplied or misinterpreted the law.  Without regurgitating Rubicon's entire argument in its Opposition, as this Court correctly reasoned in its Order, testimony from Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo is relevant to investigating the issue of inventorship of the asserted patents.  This Court further correctly reasoned that, in line with prior rulings by this Court, the inventors are subject to deposition in the United States because of their execution of an assignment agreement to that effect, even if such inventors reside outside of the United States. *See* D.I. 116 (*citing Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 111 (D. Del. 2010)).  More specifically, this Court explained: "[l]ike the assignment agreement in *Aerocrine*, the assignment agreements in this case contain **express language** compelling the assignor to provide testimony in litigation in support of U.S. patents, and it is reasonable to infer that the location of litigation and testimony regarding U.S. patents would be in the United States." *See* D.I. 116 (emphasis added) (citing *Aerocrine*, 267 F.R.D. at 112 (granting a motion to compel the U.S. depositions of foreign inventors who executed assignment agreements "that specifically contemplated the provision of testimony for purposes of enforcing the patent rights.")).

Therefore, Plaintiffs have not and cannot make a strong showing of likelihood of success on the merits, i.e. that the Court's Order is clearly erroneous or is contrary to law.

### C. Plaintiffs Have Not Demonstrated Irreparable Harm.

Plaintiffs contend they will suffer "irreparable harm" if a stay is denied, arguing only that they would be effectively deprived of their Objections. *See* D.I. 127 at p. 3-4. Plaintiffs offer no other evidence or argument of any additional harm. However, irreparable harm in the context of a motion to stay is not "merely serious or substantial"; it "must be of a peculiar nature[ ] so that compensation in money cannot atone for it." *Checker Cab of Phila., Inc. v. Uber Techs., Inc.*, 643 F. App'x 229, 232 (3d Cir. 2016). The sole harm Plaintiffs identify—the denial of their Objections—would arise in every case where a stay pending appeal of a court order is denied. If that were enough to establish irreparable harm, this factor would be satisfied in every such motion, which is plainly not the law and which would render this element meaningless. Plaintiffs' claimed harm is not of a "peculiar nature" and therefore does not meet the standard for irreparable harm.

Because Plaintiffs have not shown a likelihood of success on the merits or irreparable harm, further analysis of the remaining factors is unnecessary. Nonetheless, Rubicon will address them in the event the Court wishes to consider those factors.

### D. A Stay Would Prejudice Rubicon.

Plaintiffs' argument (D.I. 127 at 4) that "the stay will cause no real harm to Rubicon" because "it can simply obtain the deposition at a later date if the objections are overruled" is without merit. Contrary to Plaintiffs' assertion, a stay would prejudice Rubicon by further delaying it access to key discovery testimony needed to defend itself against Plaintiffs' claims. Testimony from these inventors is critical to investigating the issue of improper inventorship, which is crucial to Rubicon's defenses. Rubicon originally served the deposition notices for Drs. Léaute-Labrèze, Dumas de la Roque, and Thambo on September 29, 2025—nearly two months ago. Plaintiffs repeatedly objected to these depositions, even when Rubicon, in an effort to compromise, offered to conduct these depositions via remote means. Such repeated objections and refusal to

5

compromise forced Rubicon to seek Court intervention, which resulted in the Court's Order compelling these depositions on November 7, 2025. *See* D.I. 116 ("Plaintiffs shall make the Co-Inventors available for deposition in the United States no later than December 5, 2025."). Moreover, Plaintiffs have additionally unreasonably delayed discovery in this proceeding, including by, as recognized by the Court, failing to respond to written discovery requests after offering such responses as a substitute for the inventors' testimony.

In short, Rubicon should not have to wait until some unspecified "later date" to seek deposition testimony to which it is entitled. Plaintiffs have already put numerous roadblocks in Rubicon's way with respect to discovery on the inventorship issue. Even this Court noted in its November 24, 2025 order granting-in-part Rubicon's Emergency Motion to Amend the Scheduling Order (D.I. 106) that Plaintiffs have contributed to the delays in this case "**by resisting all discovery pertaining to the inventorship defense**, leading to a series of discovery disputes in addition to the emergency motion practice, and continuing even after the issuance of court order permitting the discovery to proceed." *See* D.I. 136 (emphasis added). Plaintiffs never-ending delay tactics must end, and the Court can do so by denying Plaintiffs' Motion to Stay.

      **E.**      **The Public Interest and Judicial Economy Favor Prompt Compliance With Routine Court Orders.**

The public interest favors the efficient administration of justice and adherence to court orders. *See In re Genesis Health Ventures, Inc.,* 367 B.R. 516, 522 (Bankr. D. Del. 2007) ("There is always a strong public interest in having lawsuits move forward to resolution as speedily as possible.") (internal citation and quotations omitted). Denial of the Plaintiffs' Motion is in the public interest because it would "allow the parties to engage in discovery and progress more quickly toward a judgment on the merits." *See id*. Likewise, entering a stay of discovery would be contrary to the public interest in the preservation of judicial resources and in "the just, speedy,

and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1. Permitting the stay of enforcement of a routine discovery order would also invite piecemeal challenges to such orders and encourage delay tactics, further burdening this Court.[1]

## IV. Conclusion

For the foregoing reasons, Rubicon respectfully requests that the Court deny Plaintiffs' Motion to Stay, and order Plaintiffs to comply with the Order (D.I. 116) by the original deadline set forth therein.

Dated: November 25, 2025

*Of Counsel:*

W. Blake Coblentz
Aaron S. Lukas
COZEN O'CONNOR
2001 M Street, N.W.
Washington, DC 20036
(202) 912-4800
wcoblentz@cozen.com
alukas@cozen.com

Keri L. Schaubert
COZEN O'CONNOR
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
(212) 509-9400
kschaubert@cozen.com

Respectfully submitted,

*/s/ Kaan Ekiner*
Kaan Ekiner (#5607)
Hugh J. Marbury (#7427)
COZEN O'CONNOR
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com
hmarbury@cozen.com

*Attorneys for Defendant/Counterclaim Plaintiff Rubicon Research Private Limited*

---

[1] Plaintiffs argue that the public interest weighs in favor of a stay because there is a public interest in maintaining "harmonious international relations". *See* D.I. 127 at p. 5. While Rubicon does not dispute this can, in certain circumstances, be a public interest, it is not one implicated by this case. As set forth at length in Rubicon's Response to Plaintiffs' Objections, the Hague Convention does not control the depositions at issue here and, therefore, there are no legitimate concerns that upholding the Court's Order will somehow upset international relations with France.